UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 10879 JLT Civil Action No.

KIMBERLY GENEREUX, )
   Plaintiff )
 )
 )   **COMPLAINT AND**
v. )   **JURY TRIAL DEMAND**
 )
COLUMBIA SUSSEX CORPORATION )
d/b/a WESTIN CASUARINA HOTEL )
STARWOOD HOTELS & RESORTS )
WORLDWIDE, INC., and )
CORPORATE DEFENDANTS X1-100, )
   Defendants )

MAGISTRATE JUDGE _____

RECEIPT # 63866
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 4/29/05

## PARTIES

1. The plaintiff, Kimberly Genereux, is an individual residing in and a citizen of Cambridge, Middlesex County, Commonwealth of Massachusetts.

2. The defendant, Columbia Sussex Corporation, is a corporation, duly organized under the laws of the Commonwealth of Kentucky, having a principal place of business at 207 Grandview Drive, Fort Mitchell, Commonwealth of Kentucky, and has been authorized, at all times material, to do business in the Commonwealth of Massachusetts.

3. The defendant, Starwood Hotels & Resorts Worldwide, Inc., is a corporation, duly organized under the laws of the State of Maryland, having a principal place of business at 1111 Westchester Avenue, White Plains, State of New York, and has been authorized, at all times material, to do business in the Commonwealth of Massachusetts.

4. Corporate Defendants X1-100 are those entities duly

organized in locations and business forms presently unknown but believed to exist, which will be more specifically identified as the plaintiff is able to obtain identifying information.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, as all parties are diverse and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs and interest.

6. Venue is proper in this District, pursuant to 28 U.S.C. §1391 (a), because the defendants are subject to personal jurisdiction and a substantial part of the events giving rise to this claim occurred within this District.

## FACTS COMMON TO ALL COUNTS

7. At all times material, defendant, Starwood Hotels & Resorts Worldwide, Inc., owned, controlled, operated and/or franchised defendant, Columbia Sussex Corporation.

8. At all times material, the defendants were engaged in the business of owning, controlling, operating and/or franchising hotels and hotel chains throughout the United States and in certain foreign countries, including without limitation those hotels known as "Westin Hotels & Resorts" (hereafter "Westin").

9. At all times material, the defendants owned, controlled, operated and/or franchised approximately twenty (20) Westin hotels in the Commonwealth of Massachusetts.

2

10. At all times material, the defendants designed, implemented, and enforced policies, practices and procedures to ensure a uniform standard of high quality and service throughout all Westin hotels, wherever such hotels were located.

11. At all times material, the defendants owned, controlled, operated and/or franchised a Westin hotel known as the Westin Casuarina Hotel (hereafter "the Premises") located in George Town, Grand Cayman, Cayman Islands, British West Indies, which is an overseas dependency of the United Kingdom of Great Britain and Northern Ireland.

12. At all times material, the defendants advertised the Premises in publications and electronic media intended to solicit citizens of the Commonwealth of Massachusetts to visit the Cayman Islands, in general, and to visit the Premises, in particular.

13. The plaintiff has responded positively to such solicitations, visiting the Cayman Islands more than six times since the year 2000, and frequently using the amenities of the Premises, including, without limitation, patronizing the restaurants, cafes, bars, shops, restrooms, ballroom, lounging, spa, and beach facilities of the Premises.

14. The plaintiff had visited the Premises on several occasions during visits to the Cayman Islands, for the purposes, *inter alia*, of shopping, touring, lounging, bathing, dining, and using the lavatory facilities of the Premises, which were held

3

open to the public.

15. On or about May 3, 2002, the plaintiff was a lawful guest of the defendants at the Premises.

16. At approximately 11:00 p.m., after touring and shopping along Seven Mile Beach in George Town, Grand Cayman, Cayman Islands, British West Indies, the plaintiff was walking along West Bay Road, when she stopped to use the public lavatory facilities of the Premises.

17. At said time and place, public lavatory facilities were located, *inter alia*, in the building of the Premises which housed the Hibiscus Spa facility (hereafter the "spa building").

18. At said time and place, the women's public restroom in the spa building was located at the end of a long corridor, adjacent to which was a men's public restroom and a locked door which led to an electrical equipment room or room which housed other equipment used to operate the Premises.

19. There were no locks on the outer door of the women's public restroom in the spa building at said time.

20. There were no cameras, security lights, security mirrors, security officers, or other equipment or personnel to safeguard the safety and security of guests and other persons lawfully using the women's public restroom in the spa building at said time and place.

21. The corridor leading to the women's public restroom in

4

the spa building was illuminated at said time and place.

22. The women's public restroom in the spa building was illuminated at said time and place, was tidy and clean, and had a vase of flowers on the counter top of the washing facilities.

23. The plaintiff entered one of the stalls of the women's public restroom in the spa building and locked the stall door.

24. Shortly after the plaintiff had seated herself on the commode, a person entered the women's public restroom in the spa building.

25. Through the louvered doors of the stall, the plaintiff was able to discern the outline of a man's body and shoes.

26. The man walked into the women's public restroom in the spa building and approached the stall in which the plaintiff was seated.

27. The plaintiff asked the man to leave, stating that he had entered a women's restroom.

28. The man apologized and walked away from the stall and out the restroom door.

29. The plaintiff reached into a bag which she had carried with her, to locate her cell phone.

30. As she looked for her cell phone, the restroom door opened again and the restroom lights were suddenly extinguished.

31. The plaintiff was terrified, screamed for the person to leave the restroom, and "threatened" that she had a cell phone

5

and that she was dialing the telephone number to obtain emergency assistance.

32. Suddenly, the louver doors of the restroom stall were shattered by the force of a person violently breaking the doors in the direction of the plaintiff's face.

33. As the plaintiff tried to protect her face from the flying pieces of broken wood, a man opened the stall door lock, and grabbed the plaintiff by the throat and chest.

34. In an effort to dissuade her assailant, the plaintiff told the assailant that she had telephoned "911", although she had been unable successfully to complete her call before the assailant grabbed her throat and chest.

35. The assailant twisted the plaintiff's face away from him, put a knife to her throat, and threatened to kill her if she screamed.

36. The plaintiff told the assailant to take her money and her possessions but pleaded with him not to hurt her.

37. The assailant refused her property and instead lifted the plaintiff's skirt, ripped off the plaintiff's underwear, and orally raped her by forcing her to perform oral sex upon him.

38. The plaintiff begged the assailant not to penetrate her vaginally but he insisted and threatened to kill her if she screamed.

39. The plaintiff begged the assailant to wear a condom so

6

that she would not catch AIDS and die, but he refused.

40. The assailant violently, forcefully and against her will vaginally penetrated and raped the plaintiff.

41. All during the assault and rape, the plaintiff was terrified and feared for her life.

42. After the assailant ejaculated, the plaintiff promised not to tell anyone what had happened in order to try to convince the assailant not to stab and kill her.

43. The assailant told the plaintiff to count to 100 before leaving the restroom stall, and the assailant then proceeded to leave the women's public restroom of the spa building.

44. The plaintiff exited the restroom stall, turned on the lights in the women's public restroom in the spa building, picked up her underwear and her possessions, observed herself in the mirror and noted that she had blood on her neck, and waited until she thought that it was safe to leave the restroom.

45. The plaintiff exited from the women's public restroom in the spa building and walked into the main building of the Premises to obtain help.

46. The plaintiff could not locate any attendant or employee of the defendants at the front desk of the Premises, and walked into the bar area of the Premises, where she had observed guests.

47. The plaintiff called out loud for help, stating that

she had just been raped.

48. People stared at her but did not render assistance.

49. The plaintiff approached a female bartender that the plaintiff believed to be an employee of the Premises, and asked her to call the police, stating that the plaintiff had just been raped at knife point in the women's public restroom in the Premises.

50. The bartender responded that she would have to call the manager of the Premises, and proceeded to do so.

51. After calling the manager, the bartender continued to serve beverages to guests but did not offer any assistance to the injured and upset plaintiff.

52. After some period of time, a person who identified himself as the manager of the Premises responded, apologized for having been detained, and inquired as to what had happened.

53. The plaintiff asked the manager of the Premises to call the police because she had just been raped at knife point in the women's public restroom of the spa building.

54. The manager refused to call the police unless and until the plaintiff escorted him back to the women's public restroom of the spa building to show him the scene of the crime.

55. Although the plaintiff continued to ask the manager to telephone police and medical assistance, he continued to refuse; so the plaintiff returned to the women's public restroom of the

spa building with the manager of the Premises.

56. Upon entering the women's public restroom of the spa building, the Premises manager pointed to the plaintiff's possessions in the restroom, confirmed that they belonged to the plaintiff, and asked the plaintiff if she was "sure" that she had been raped.

57. The plaintiff pointed to the broken restroom stall door and insisted that she had been raped at knife point.

58. Only then, did the manager of the Premises escort the plaintiff back into the main building of the Premises to wait while he called the Royal Cayman Island Police ("RCIP").

59. The manager of the Premises had the plaintiff wait in a room off the main lobby of the Premises until the RCIP arrived; during which time employees of the Premises failed to offer her any assistance.

60. After the RCIP arrived, the plaintiff was questioned about the rape, forced to return to the women's public restroom of the spa building to again recount the rape, and finally was driven to the George Town Hospital to receive medical care.

61. The plaintiff suffered severe and permanent physical and emotional injuries, required hospital, medical, and psychotherapeutic care and treatment, and will require additional medical and psychotherapeutic care and treatment in the future; incurred the reasonable and necessary costs of such care and

treatment; suffered lost earnings and lost earning capacity; suffered loss of the pleasures and enjoyments of life; and sustained other and further injuries.

### COUNT I:  NEGLIGENCE

62. The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

63. The defendants owed a duty to the plaintiff to exercise reasonable care in the operation of their hotel in order to safeguard the person and property of the plaintiff while she was lawfully on their Premises.

64. The defendants breached the duty of care which they owed to the plaintiff by their negligent security practices, which included, *inter alia*:

a. failing to design and construct the women's public restroom in the spa building in accordance with the principles and practices of crime prevention through environmental design and/or similar principles and practices to ensure adequate security arrangements for the protection of guests;

b. failing to utilize proper working locks and security devices on the women's public restroom in the spa building;

c. failing to monitor through proper security equipment and personnel conditions on the Premises to ensure adequate security arrangements for the protection of guests;

    d.    failing to monitor through proper security equipment and personnel persons who entered the Premises;

    e.    failing to monitor through proper security equipment and personnel persons who entered the facilities of the women's public restroom in the spa building;

    f.    failing to respond timely, adequately, and courteously to the plaintiff's requests for assistance, and particularly to her requests that Premises' employees promptly obtain police and medical assistance for her;

    g.    failing to hire and employ properly trained and supervised personnel to design, implement and execute adequate security practices for the protection of persons and property lawfully present upon the Premises;

    h.    failing to properly train and supervise personnel to design, implement and execute adequate security practices for the protection of persons and property lawfully present upon the Premises;

    i.    failing to hire and employ properly trained and supervised personnel to courteously respond to reasonable requests for assistance by persons lawfully present upon the Premises;

    j.    failing to properly train and supervise personnel to courteously respond to reasonable requests for assistance by persons lawfully present upon the Premises; and

k.  in other divers manners.

65. As a direct and proximate result of the defendants' negligence, the plaintiff suffered the damages aforesaid.

### RELIEF SOUGHT

WHEREFORE, the plaintiff respectfully demands judgment against the defendants, jointly and severally, in the amount of Five Million ($5,000,000.00) Dollars, plus costs, interest, and such other and further relief as this Court deems equitable and just.

### JURY TRIAL DEMAND

THE PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL COUNTS OF HER COMPLAINT.

                          Respectfully submitted,
                          The Plaintiff,
                          By her Attorney,

                          MARK F. ITZKOWITZ (BBO #248130)
                          85 Devonshire Street
                          Suite 1000
                          Boston, MA  02109-3504
                          (617) 227-1848
                          April 28, 2005

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KIMBERLY GENEREUX | COLUMBIA SUSSEX CORPORATION d/b/a WESTIN CASUARINA HOTEL, STARWOOD HOTELS & RESORTS, |
| (b) County of Residence of First Listed Plaintiff   Middlesex, Massachusetts<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Kentucky<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>MARK F. ITZKOWITZ, Esquire<br>85 Devonshire St., Ste. 1000, Boston, MA 02109-3504; (617) 227-1848 | Attorneys (If Known)<br>05 10879 JLT |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☐ 3   Federal Question (U.S. Government Not a Party)
☐ 2   U.S. Government Defendant
☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Premises liability - negligent security practices proximately causing rape by third party assailant.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   04/28/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  KIMBERLY GENEREUX v. COLUMBIA SUSSEX CORPORATION d/b/a WESTIN CASUARINA HOTEL, et. als.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties In this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   Not applicable.   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mark F. Itzkowitz, Esquire
ADDRESS  85 Devonshire Street, Suite 1000, Boston, MA 02109-3504
TELEPHONE NO.  (617) 227-1848

(CategoryForm.wpd - 2/15/05)