UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY GENEREUX

    V.                                    CIVIL ACTION No.  05-10879-JLT

COLUMBIA SUSSES CORP, ET AL

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtrm 20 on the 7th Flr. on May 2, 2006 at 11:00 a.m. in accordance with F.R.Civ.P.16(b) and LR 16.1.  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B),(C) and D) of LR 16.1 to be of the utmost importance.  Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C) and (D) of LR 16.1 may result in sanctions under LR 1.3.  Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys who have not filed an answer or appearance with the court are notified of the scheduling conference date. <u>COUNSEL SHOULD BE PREPARED TO ARGUE ALL PENDING MOTIONS.</u>

|  |  |
|---|---|
| Date:   4/6/2006 | By the Court,<br>/s/ Zal<br>Zita Lovett, Deputy Clerk |

These Sections of Local Rule16.1 provide:

    (B) <u>OBLIGATION OF COUNSEL TO CONFER:</u>  Counsel for the parties shall confer no later than   (21) days before the date of the conference for the purpose of:

        (1) Preparing an agenda of matters to be discussed at the conference.
        (2) Preparing a proposed pretrial schedule for the case that includes a plan for discovery, and
        (3) Considering whether they consent to trial by magistrate judge.

    (C) <u>SETTLEMENT PROPOSALS:</u>  Plaintiff shall present written settlement proposals to all defendants no later than (10) days before the date of the conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the conference and be prepared to respond to the proposals at the conference.

    (D) <u>JOINT STATEMENT:</u>  The parties are required to file, **NO LATER THAN 5** BUSINESS **DAYS BEFORE** the conference, a joint statement containing a proposed pretrial schedule, which shall include:
(1) A  joint discovery plan scheduling the time and length for all discovery events that shall:

        (a) conform to the obligation to limit discovery set forth in F.R.Civ.P.26(b);

        (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial;
        (2) A proposed schedule for the filing of motions; and
        (3) Certifications signed by counsel and an authorized representative of each party affirming that each party and that party's counsel have conferred:

        (a) with a view to establishing a budget for the costs of conducting the full course-- and various alternative courses--of the litigation;
        (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.