UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY GENEREUX,<br>　　　　Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX CORPORATION<br>d/b/a WESTIN CASUARINA HOTEL,<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC., WESTIN LICENSE<br>COMPANY, WESTIN LICENSE<br>COMPANY NORTH, INC., WESTIN<br>MANAGEMENT COMPANY EAST,<br>WESTIN NORTH AMERICA<br>MANAGEMENT COMPANY, INC.,<br>GALLEON BEACH RESORT, LTD., and<br>CORPORATE DEFENDANTS X1-100,<br>　　　　Defendants. | C.A. NO. 05-CV-10879-JLT |

### DEFENDANTS' NOTICE PURSUANT TO F.R.C.P. 44.1 REGARDING FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, the defendants hereby notify the Court of their intention to raise the issue of the applicability of the law of the Cayman Islands to this case.

Plaintiff Kimberly Genereux alleges that she was injured in the Cayman Islands on property owned and/or controlled by the defendants, and that her injuries were caused by the defendants' inadequate security. Specifically, she alleges that, as she walked along a public road on the island, she was approached at least twice, and perhaps a third time, by a man in a van who inquired whether she needed a ride. Each time, the plaintiff rejected the ride, but she became very nervous about the van driver's intentions. As a result, the plaintiff decided to leave the public street, intending to walk through the

property of the Westin Casuarina Hotel to get to the beach where she would then walk back to the condominium where she was staying. Once on the hotel's property, Ms. Genereux, who was neither a guest nor customer of the hotel, decided to go into a hotel restroom in order to hide in case the van driver was following her. After she was in the restroom for a very short time, a man entered, turned off the restroom light, and attacked and raped Ms Genereux.

The defendants believe that the law of the Cayman Islands must be applied to the facts of this case, particularly as it pertains to the duty owed to the plaintiff, negligence, and causation. See Lehman v. Humphrey Cayman, LTD, et al, 713 F. 2d 339, 345 (8th Cir. 1983). Under Cayman Islands law, a landowner does not owe any duty to protect persons on his property from the criminal acts of third parties, particularly when the landowner has no control over the criminal actor, and has no knowledge or forewarning of the criminal's intent. Modbury Triangle Shopping Center v. Anzio, [2000] HCA 61, 23 November 2000. See also Smith v. Littlewoods Organization, [1987] 2 W.L. R. 480 (an owner of an abandoned theater does not owe a duty of care to adjoining property owners whose property was damaged by fire started by vandals in the theater when the theater owner did not know of previous acts of vandalism involving fire in the theater and when the theater presented no obvious fire risk that would have required the owner to lock the theater or otherwise prevent entry.)

The Occupiers Liability Act 1984 (C.3), a statute of the United Kingdom, governs the liability of landowners for injury suffered by persons other than visitors who come upon property. Under the Act, a landowner owes a duty to another (not his visitor) only if he is aware of a danger; he knows or should know that the person is or may come into

the vicinity of the danger; and the danger is one around which the owner may reasonably be expected to offer some protection. See also <u>Tomlinson v. Congleton Borough Council</u> [2003] 3 W.L.R. 705

Given the evidence expected to be introduced concerning the attack on the plaintiff and the location of the attack, the defendants submit that the law of the Cayman Islands should be applied to the determination of the liability issues in this case.

The defendants,
By their attorneys

*/s/ John B. Johnson*

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

*/s/ Robert J. Brown*

Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000
