UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10879-JLT

| | |
|---|---|
| KIMBERLY GENEREUX,                      )<br>    Plaintiff                                    )<br>                                                    )<br>            v.                                      )<br>                                                    )<br>COLUMBIA SUSSEX CORPORATION   )<br>d/b/a WESTIN CASUARINA HOTEL, )<br>STARWOOD HOTELS & RESORTS      )<br>WORLDWIDE, INC., WESTIN LICENSE)<br>COMPANY, WESTIN LICENSE COMPANY)<br>NORTH, WESTIN MANAGEMENT          )<br>COMPANY NORTH, INC., WESTIN     )<br>MANAGEMENT COMPANY EAST,          )<br>WESTIN NORTH AMERICA MANAGEMENT)<br>COMPANY, INC., GALLEON BEACH  )<br>RESORT, LTD., and CORPORATE     )<br>DEFENDANTS X1-100,                      )<br>    Defendants                                 ) | **PLAINTIFF'S NOTICE REGARDING APPLICABILITY OF FOREIGN LAW AND RESPONSE TO DEFENDANTS' NOTICE PURSUANT TO F.R.C.P. 44.1 REGARDING FOREIGN LAW** |

Pursuant to Fed. R. Civ. P. 44.1, Kimberly Genereux, the plaintiff, hereby notifies the Court that the law of the Cayman Islands may apply to the determination of the liability issues at bar but disagrees with the defendants' statement of that law and disagrees with the defendants' statement of facts upon which the defendants base their notice that foreign law may apply.

In particular, the plaintiff disputes the defendants' recitation that Ms. Genereux entered the restroom of the defendants' Westin Casuarina Hotel for the purpose of hiding from a pursuer and disputes the defendants' allegation that Ms. Genereux was on the defendants' property in a capacity other than that of a lawful visitor. To the contrary, Ms. Genereux states that at the time that she was assaulted and raped, she was using

the public lavatory facilities of the defendants' Westin Casuarina Hotel's Hibiscus Spa building, the restroom of which had been held open to the public and to which Ms. Genereux had been directed by hotel employees on previous occasions.

The plaintiff further states that there is no decision by a court of the Cayman Islands which definitively explicates the Cayman tort law of negligent security.  In circumstances where there exists "no Cayman precedents nor any Privy Council authority on the point", and therefore,

> there is no binding authority in Cayman law ... the court must reason by analogy from principles reflected in binding precedents, or look to non-binding decisions from around the common law world to find persuasive statements of the law.  The importation of Lord Atkin's famous "neighbour principle" from the celebrated case of *M'Alister (or Donoghue) v. Stevenson* (1) (despite the fact it was a Scots law, not a common law case) into the law of torts of virtually every common law jurisdiction around the world, is an illustration of this process.

*R. v. Seymour*, 2003 CILR 53, 62-63 (Gr. Ct. 2003).

Moreover, not all Acts of Parliament apply to the Cayman Islands.  By The [Cayman Islands] Interpretation Law (1995 Revision) §40,

> All such laws and Statutes of England as were, prior to the commencement of 1 George II [1727] Cap. 1, esteemed, introduced, used, accepted or received as laws in the Islands shall continue to be laws in the Islands save in so far as any such laws or Statutes have been, or may be, repealed or amended by any Law of the Islands.

The Occupiers' Liability Act of 1957 and the Occupiers' Liability

Act of 1984, adopted in England and Wales and cited by the defendants, have not been adopted in the Cayman Islands.

Decisions relevant to the defendants' liability in the case at bar include, without limitation, the following Cayman Islands statutes and regulations and the following foreign decisions in addition to those materials cited above:  The Torts Reform Law (1996 Revision); The Tourism Regulations (2002 Revision); The Tourism Regulations (1999 Revision); The Tourism Law (1995 Revision); *Modbury Triangle Shopping Centre Pty. Ltd. v. Anzil*, [2000] HCA 61 (Austl.) (negligent security); *Marshall v. Rubypoint Ltd.*, [1997] EWCA 898 (Eng. & Wales C.A.) (negligent security); *Jeffrey v. Commodore Cabaret Ltd.*, 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995) (negligent security); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144 (Ont. 1984) (negligent security); *Public Transport Commission of New South Wales v. Perry*, [1975-1976] C.L.R. 107 (Austl.) (premises liability); *Veinot v. Kerr-Addison Mines Ltd.*, 51 D.L.R. 3d 533 (Can. 1974) (premises liability); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.) (negligent security); *Gould v. McAuliffe,* [1941] 2 All E.R. 527, 528 (C.A.) (premises liability).  Finally, decisions by British Commonwealth courts and the House of Lords make clear that courts in the United States are considered common law courts whose decisions may be consulted for precedential value.  *See e.g., Modbury Triangle Shopping Centre,* [2000] HCA at ¶30

(Gleeson, C.J.), *citing, inter alia,* Restatement (2d) Torts §302B, §344, and WILLIAM LLOYD PROSSER & ROBERT E. KEETON, PROSSER & KEETON ON TORTS (5th ed. 1984) 199-201, and various U.S. federal and state decisions including *Kline v. 1500 Massachusetts Avenue Apartment Corp.,* 439 F.2d 477 (D.C. Cir. 1970); and *Reeves v. Commissioner of Police of the Metropolis,* [1999] 3 W.L.R. 363, 374 (Jauncey, L.), *citing* U.S. federal and state decisions including *Sudderth v. White*, 621 S.W.2d 33 (Ky. Ct. App. 1981).

The purpose of this Notice is to inform the Court that foreign law may be relevant to issues at bar, "not to spell out the precise contents of foreign law", 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (2d ed. 1995) §2443 at 641, and to advise the Court of the parties' dispute concerning the appropriate foreign law which may be applicable. More specific information will be provided as the issues ripen during the litigation.

          Respectfully submitted,
          The Plaintiff,
          By her Attorney,


          _____
          MARK F. ITZKOWITZ (BBO #248130)
          85 Devonshire Street
          Suite 1000
          Boston, MA   02109-3504
          (617) 227-1848
          June 13, 2007

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY   10019-6829. |

                                              /s/ Mark F. Itzkowitz
                                              MARK F. ITZKOWITZ (BBO #248130)

Dated:  June 13, 2007