UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY GENEREUX,<br>　　　　Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX CORPORATION<br>d/b/a WESTIN CASUARINA HOTEL,<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC., WESTIN LICENSE<br>COMPANY, WESTIN LICENSE<br>COMPANY NORTH, INC., WESTIN<br>MANAGEMENT COMPANY EAST,<br>WESTIN NORTH AMERICA<br>MANAGEMENT COMPANY, INC.,<br>GALLEON BEACH RESORT, LTD., and<br>CORPORATE DEFENDANTS X1-100,<br>　　　　Defendants. | C.A. NO. 05-CV-10879-JLT |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE SECURITY EXPERT WITNESS REPORT UPON DEFENDANTS

The defendants oppose the plaintiff's motion seeking to extend the time for service of the plaintiff's security expert witness report on the defendants. This motion, which was served electronically on the defendants on February 4, 2008, seeks to extend from February 20, 2008 to March 3, 2008 the time during which the plaintiff may serve this expert report.

In support of their opposition, the defendants say as follows:

1.　A pre-trial conference was held in this case on January 30, 2008. At that conference, the court scheduled this case for trial on April 14, 2008. The court also set deadlines of February 6, 2008 for the defendants to produce to the plaintiff a 2002 audit report of the hotel, and February 20, 2008 for the plaintiff to produce to the defendants

the report of her security expert. This February 20th date was set by agreement of the parties, and was established in order to permit the defendants sufficient time to prepare and file a summary judgment motion. Under the schedule established by the court, the defendants expected to have this motion ready for filing by early March, leaving the plaintiff sufficient time to file her opposition and for the court to consider the motion prior to the scheduled April 1, 2008 pre-trial conference.

If the plaintiff's request for an extension is granted, the defendants anticipate that they will be unable to file their motion any earlier than March 20, 2008, meaning that the plaintiff's opposition to this motion would not even be due until after the pre-trial conference was held. This will significantly prejudice the defendants who will have to proceed with trial preparation without the benefit of the court's decision on the summary judgment motion.

2. The plaintiff has already had ample time to produce a report from her security expert. For instance, in the <u>Joint Statement Pursuant to Local Rule 16.1(d)</u> filed by the parties, plaintiff had agreed to identify her experts and produce their reports by June 30, 2007, although the court did not specifically set any such date in its scheduling order. Additionally, the defendants wrote to plaintiff's counsel on August 8, 2007 requesting the identity of all expert witnesses expected to testify at trial as well as copies of the experts' reports. On September 12, 2007, the plaintiff responded by letter, identifying Robert McCrie as her security expert. On September 19, 2007, the defendants again requested a copy of Mr. McCrie's report, as well as the report of any other experts whom the plaintiff intended to call. Only the preliminary report of an economist has been produced.

The central issue of the defendants' anticipated summary judgment motion is the responsibility for security at the hotel where the plaintiff was allegedly sexually assaulted. The defendants cannot properly prepare their motion until they are informed of Mr. McCrie's opinions, and the factual basis thereof, concerning the alleged inadequate security which allowed the attack on the plaintiff. Only when Mr. McCrie's report is produced will the defendants be able to review and analyze the report with their clients, prepare their motion, and prepare supporting affidavits in support of their motion. Again, the extension requested by the plaintiff will significantly delay the defendants from moving ahead with their motion, resulting in significant prejudice to them.

The plaintiff may argue that her expert needed to review the 2002 hotel audit before he could prepare a report. It should be noted that this audit was produced for the plaintiff on February 1, 2008, well in advance of the court ordered deadline for its production. Additionally, the audits of the hotel are performed in accordance with Westin Brand Standards and provisions contained in the Westin Quality Assurance Program (QAP). The Brand Standards and the QAP used in hotel audits both before and after the plaintiff's incident were produced last summer for the plaintiff. Therefore, McCrie has had available to him for at least five months the policies and procedures which Defendant Starwood/Westin used to audit the Westin Casuarina Hotel, a franchised hotel of Defendant Starwood/Westin owned and operated by Galleon Beach Resort, LTD which was named as an original defendant in this case but which was never served and which has never answered the complaint.

3. If the court is inclined to allow the plaintiff's request for an extension of time, the defendants ask that the pre-trial and trial dates be rescheduled accordingly so that the defendants will have sufficient time to prepare, file, and have considered their motion for summary judgment. This also will allow the defendants appropriate time to make scheduling and traveling arrangements for out-of-state, and perhaps out-of-country, witnesses should the court consider and deny the defendants' summary judgment motion.

By their attorneys

*/s/ John B. Johnson*
John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

*/s/ Robert J. Brown (JBJ)*
Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000