```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

                              Civil Action No. 05-CV-10879-JLT
```

| | |
|---|---|
| KIMBERLY GENEREUX,              ) | |
|     Plaintiff                         ) | |
|                                 ) | |
|     v.                                ) | **PLAINTIFF'S REQUEST** |
|                                 ) | **FOR LEAVE TO FILE REPLY** |
| COLUMBIA SUSSEX CORPORATION     ) | **and REPLY TO** |
| d/b/a WESTIN CASUARINA HOTEL,   ) | **DEFENDANTS' OPPOSITION TO** |
| STARWOOD HOTELS & RESORTS       ) | **PLAINTIFF'S MOTION TO EXTEND** |
| WORLDWIDE, INC., WESTIN LICENSE ) | **TIME TO SERVE SECURITY** |
| COMPANY, WESTIN LICENSE COMPANY ) | **EXPERT WITNESS REPORT** |
| NORTH, WESTIN MANAGEMENT        ) | **UPON DEFENDANTS** |
| COMPANY NORTH, INC., WESTIN     ) | |
| MANAGEMENT COMPANY EAST,        ) | |
| WESTIN NORTH AMERICA MANAGEMENT ) | |
| COMPANY, INC., GALLEON BEACH    ) | |
| RESORT, LTD., and CORPORATE     ) | |
| DEFENDANTS X1-100,              ) | |
|     Defendants                        ) | |

### PLAINTIFF'S REQUEST FOR LEAVE TO FILE REPLY

Pursuant to Local Rule 7.1(b)(3), Kimberly Genereux, the plaintiff, respectfully requests leave to file the following Reply to the defendants' Opposition to her Motion to extend the time for her to serve the report of her security expert witness upon the defendants from February 20, 2008 until March 3, 2008. The submission of said reply is intended to prevent factual errors and to avoid misconceptions which may arise from statements made in the defendants' Opposition.

### REPLY

This Court had not set deadlines for the exchange of expert witness reports until the Conference of January 30, 2008. That Conference had been scheduled as a "Status Conference" (Orders of

October 1, 2007, allowing Plaintiff's Assented To Motion to Continue Status Conference and Discovery; December 7, 2007, rescheduling Status Conference; and December 19, 2007, allowing Plaintiff's Assented To Motion to Continue Status Conference), and then as a "Hearing" (scheduling Order of January 17, 2008). None of the scheduling Orders indicated either that expert reports need be exchanged by a particular date nor that a trial date would be set.  The parties did not learn that the Conference was a Pre-Trial Conference until they appeared in Court for the Conference on January 30, 2008.

   Notwithstanding the lack of a specific Order, the plaintiff provided a copy of the preliminary report and medical records of Eleanor Egan, LMHC, the plaintiff's expert psychotherapeutic witness, to the defendants on April 21, 2006, and an updated report of Dr. Egan on December 13, 2007.  The plaintiff provided to the defendants on April 21, 2006, the medical records and reports of her treating physicians, Martha Praught, M.D. and Kate Isselbacher, M.D., both of whom could be considered expert medical/psychiatric witnesses by virtue of their education, training and experience.  The plaintiff provided updated records of Dr. Praught to the defendants on December 13, 2007.  The plaintiff provided a preliminary report of her economist expert witness, Allan M. Feldman, Ph.D., to the defendants on December 13, 2007, and indicated that that report would be supplemented

after Dr. Feldman has an opportunity to review the anticipated report of the plaintiff's expert vocational witness, Norman Hursh, M.Ed., which now is due to the defendants on February 20, 2008, by virtue of the Pre-Trial Conference Order.  The plaintiff has not been dilatory in producing her expert materials to the defendants, notwithstanding the insinuations of paragraph 2 of the defendants' Opposition to the instant Motion.

   Preparation of the report of Professor Robert McCrie, the plaintiff's security expert witness, requires Professor McCrie to review deposition transcripts, documents produced by the defendants in response to the plaintiff's Requests for Production of Documents, interrogatory answers (allowed by the Court at the Rule 16 Conference; Order of May 3, 2006), and other materials gathered in discovery and investigation.  Following the Rule 30(b)(6) deposition of defendant Columbia Sussex Corporation, the plaintiff sent a letter to the defendants on September 10, 2007, requesting supplementation of Columbia Sussex' interrogatory answers and document production to provide information and materials not yet produced but which appeared available based upon information obtained at the deposition.  Following the Rule 30(b)(6) deposition of the remaining defendants, the plaintiff sent a letter to the defendants on September 19, 2007, requesting supplementation of those defendants' interrogatory answers and document production and the designation of an additional witness

who would have information specific to the Westin Casuarina Hotel, site of the plaintiff's rape, to supplement the general information provided by the deponent and to provide information and materials not yet produced but which appeared available based upon information obtained at the deposition.  In that letter, the plaintiff specifically identified 18 documents which had been named or described in other Westin documents produced in discovery or which had been identified at the Rule 30(b)(6) depositions.  The information sought was required by Professor McCrie to complete his analysis and to prepare his report.

   The defendants responded to the plaintiff's discovery requests in part on September 28, 2007, January 8, 2008, and January 25, 2008.  The defendants produced documents identified in the plaintiff's September letters as late as January 28, 2008, and generally denied the existence of or refused to produce most of the information sought.  By Order of this Court at the Pre-Trial Conference of January 30, 2008, the defendants were ordered to produce one of the withheld documents to the plaintiff by February 6, 2008, and have done so.  Copies of the materials produced by the defendants were provided to Professor McCrie on the very day that plaintiff's counsel received them from the defendants.  Nevertheless, by the time of his departure for Italy on February 5, 2008, Professor McCrie either had not received or had just received the last of the materials produced by the

defendants.  The materials were required in order to enable Professor McCrie to prepare his report.  The plaintiff has not been dilatory in producing Professor McCrie's report.  The plaintiff had not received from the defendants the materials required for Professor McCrie's analysis, despite the insinuations of paragraph 2 of the defendants' Opposition to the instant Motion.

The summary judgment issue discussed by the defendants at the Pre-Trial Conference invariably will raise questions of fact relating to the control by the franchising/licensing defendants (Westin and Starwood) over the security operations of the Westin Casuarina Hotel, questions of fact about the control of defendant Columbia Sussex Corporation over the security operations of the Westin Casuarina Hotel, and questions of fact about the relationship of the defendants to each other and to the Westin Casuarina Hotel.  As questions of fact will be at issue, summary judgment is unlikely.  For that reason, the Court apparently did not delay scheduling the instant action for trial in order to accommodate the filing of the defendants' summary judgment motion.  Contrary to the suggestion contained in paragraph 1 of the defendants' Opposition, the Court did not appear to schedule the production of the expert reports upon the timing of the defendants' anticipated motion.

In fairness to the defendants, the plaintiff does not oppose

the request contained in paragraph 3 of the defendants'
Opposition; that the Court continue the Final Pre-Trial
Conference and Trial for the two weeks sought by the plaintiff's
Motion, such that the Final Pre-Trial Conference would occur on
April 14, 2008 and Trial commence on April 28, 2008.

          Respectfully submitted,
          The Plaintiff,
          By her Attorney,


          _____
          MARK F. ITZKOWITZ (BBO #248130)
          85 Devonshire Street
          Suite 1000
          Boston, MA   02109-3504
          (617) 227-1848
          February 6, 2008

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

John B. Johnson, Esquire        Robert J. Brown, Esquire
Corrigan, Johnson & Tutor, P.A.  Mendes & Mount, LLP
141 Tremont Street             750 7th Avenue
Boston, MA 02111; and          New York, NY   10019-6829.


          /s/ Mark F. Itzkowitz
          MARK F. ITZKOWITZ (BBO #248130)

Dated:   February 6, 2008