UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY GENEREUX,<br>           Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX CORPORATION,<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC., and WESTIN<br>HOTEL MANAGEMENT, L.P.<br>           Defendants. | )<br>)<br>)<br>)<br>)    C.A. NO. 05-CV-10879-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO REDACT CONFIDENTIAL BUSINESS RECORDS FROM DEFENDANTS' ELECTRONICALLY FILED SUMMARY JUDMENT MOTION – WITH ASSENT OF PLAINTIFF

Pursuant to this Court's Notice of Electronic Availability of Case File Information dated January 1, 2006, the defendants, with the plaintiff's assent, move for leave to redact from their electronically filed motion for summary judgment with supporting documentation, which motion the defendants anticipate filing within the next week, and from the plaintiff's opposition to the motion, all documents which the parties have agreed are proprietary and confidential records, policies, standards, and the like (see attached Stipulation Governing Confidential Discovery Material). The redacted documents will be included in the defendants' motion and plaintiff's opposition which will be physically filed with the Clerk's office in addition to the electronic filing of the motion and opposition. Filing the documents in this fashion will approximate the procedure for filing documents electronically which had been in use in this session pursuant to Judge Tauro's Standing Order Re: Electronic Case Filing before the promulgation of the Court's Notice of Electronic Availability of Case File Information dated January 1, 2006.

The parties do not by this Motion intend to limit or restrict the introduction of evidence at trial or in support and/or in opposition to the anticipated motion for summary judgment or to impound the general case file or the proceedings.. This Motion will not prohibit the parties or their experts from quoting confidential records or from quoting deposition testimony in which confidential records may have been quoted when they submit those summary judgment materials which will be filed electronically (such as memoranda of law and exhibits which have not been designated as "confidential" by the defendants). The <u>Stipulation Governing Confidential Discovery Material</u> does not require impounding records.

In support of this motion, the defendants submit that the documents which will be used as part of the anticipated summary judgment motion and opposition constitute proprietary and confidential business policies, procedures, standards, and forms used by the defendants in the hotel business. These defendants believe that the documents are unique to their business, and the electronic release of these documents to the public on the court's Internet website would adversely affect the defendants' conduct of their business.

|  | By its attorneys, |
|---|---|
| Assented To: | *[signature]* John B. Johnson |
| *[signature] (JBJ)* | John B. Johnson |
| Mark F. Itzkowitz | Corrigan, Johnson & Tutor, P.A. |
| 85 Devonshire Street | 141 Tremont Street |
| Suite 1000 | Boston, MA 02111 |
| Boston, MA 02109 | (617) 338-0075 |
| (617) 227-1848 | BBO No. 252580 |
| BBO No. 248130 | |
| | *[signature] (JBJ)* |
| | Robert J. Brown |
| | Mendes & Mount, LLP |
| | 750 Seventh Avenue |
| | New York, NY 10019 |
| | (212) 261-8000 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| KIMBERLY GENEREUX, <br>     Plaintiff, <br><br> v. <br><br> COLUMBIA SUSSEX CORPORATION <br> d/b/a WESTIN CASUARINA HOTEL, <br> STARWOOD HOTELS & RESORTS <br> WORLDWIDE, INC., WESTIN LICENSE <br> COMPANY, WESTIN LICENSE <br> COMPANY NORTH, INC., WESTIN <br> MANAGEMENT COMPANY EAST, <br> WESTIN NORTH AMERICA <br> MANAGEMENT COMPANY, INC., <br> GALLEON BEACH RESORT, LTD., and <br> CORPORATE DEFENDANTS X1-100, <br>     Defendants. | C.A. NO. 05-CV-10879-JLT |

## STIPULATION GOVERNING
## CONFIDENTIAL DISCOVERY MATERIAL

This STIPULATION GOVERNING CONFIDENTIAL DISCOVERY MATERIAL ("Stipulation") is made and entered into effective this 21st day of October, 2006 by Attorney Mark Itkowitz, as counsel for and on behalf of the plaintiff, and Attorney John B. Johnson, as counsel for and on behalf of the defendants (collectively, the "Parties").

WHEREAS, the plaintiff and defendants are presently involved as Parties to a lawsuit entitled Kimberly Genereux v. Columbia Sussex Corporation, et al, U.S. District Court (Boston), Civil Action No. 05-CV-10879-JLT (the "Lawsuit"); and

WHEREAS, in the course of disclosure and discovery in the Lawsuit, the plaintiff is being given access to certain Confidential Information (as defined below) concerning the defendants and their business; and

WHEREAS, the plaintiff and her counsel agree to preserve the confidentiality of such Confidential Information in accordance with the provisions of this Agreement,

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. **Confidential Information.**

   (a)   The plaintiff and her counsel agree that neither they nor any of their agents will distribute, disclose or disseminate Confidential Information (as defined below) to any individual, corporation, partnership, limited liability company, affiliate or other entity or party unless such disclosure is made in connection with the Lawsuit and that those to whom disclosure is made are informed of and thereafter agree to be bound by the confidentiality restrictions contained herein. Such Confidential Information shall remain the exclusive property of the defendants. Notwithstanding the foregoing, the plaintiff and her counsel will not be obligated to keep confidential any Confidential Information that: (i) is or becomes publicly known other than by breach of this Agreement; (ii) is disclosed to the plaintiff or her counsel by a third party who has a lawful right to disclose it; or (iii) disclosure of which is lawfully required in a judicial or administrative proceeding.

   (b)   As used herein, the term "Confidential Information" means any information or material which is proprietary to the defendants, whether or not owned or developed by the defendants, and which the plaintiff or her counsel may obtain through any direct or indirect contact with the defendants. Confidential Information includes, without limitation, the System License Agreement, any service, license, franchise or purchasing agreement, and any and all business records and plans, policies, standards, customer lists and records, trade secrets, technical information, products, inventions, computer programs and listings, source codes, copyrights and other intellectual property, developments, cost, business strategies, financial data and any other proprietary information about the product, services and/or operation and business of the defendants. The following documents, which are being produced at this time for the plaintiff and her counsel, are to be treated as Confidential Information:

   i.    System License Agreement by and between Westin License Company and Galleon Beach Resort, Ltd. dated March 20, 1995.
   ii.   Purchase and Sale Agreement, dated January 12, 2006, by and between Westin License Company and Westin Hotel Management, L.P.
   iii.  Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin License Company and Westin Hotel Management, L.P.
   iv.   Purchase and Sale Agreement, dated January 12, 2006, by and between Westin Management Company North and Westin Hotel Management, L.P.
   v.    Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin Management Company North and Westin Hotel Management, L.P.
   vi.   Purchase and Sale Agreement, dated January 12, 2006, by and between Westin Management Company East and Westin Hotel Management, L.P.
   vii.  Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin Management Company East and Westin Hotel Management, L.P.

  viii. Purchase and Sale Agreement, dated January 12, 2006, by and between Westin North America Management Co. and Westin Hotel Management, L.P.

  ix. Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin North America Management Co. and Westin Hotel Management, L.P.

  x. Purchase and Sale Agreement, dated April 6, 2006, by and between Isabella Holding Corp., Starwood Hotels & Resorts and Starwood Hotels & Resorts Worldwide, Inc.

  xi. Stock Purchase Agreement, dated April 6, 2006, by and between Broad Street Contract Services, Inc., Starwood Hotels & Resorts, Starwood Hotels & Resorts Worldwide, Inc., and Westin Hotel Management, L.P.

  xii. Limited Liability Company Operating Agreement of Westin International Services, LLC.

  xiii. Agreement of Limited Partnership of Westin Hotel Management, L.P.

  (c) The plaintiff and her counsel agree to return to counsel for the defendants the above-referenced documents identified as i-xiii, including all copies, once they have been used by the plaintiff and her counsel to identify the correct defendants to be included in this lawsuit, but no later than the time of the November 7, 2006 status conference scheduled in this case.

  (d) Additionally, all other documents which are produced during discovery and which are identified by any defendant as proprietary are to be treated as Confidential Information.

  2. **Unauthorized Disclosure of Information**. The plaintiff and her counsel acknowledge and agree that their breach of any of the provisions of this Stipulation would cause the defendants substantial damage and as such, in addition to any rights or remedies that the defendants may have at law or in equity, the defendants shall be entitled to seek injunctive relief to enforce the covenants and promises of the plaintiff and her counsel as set forth herein without necessity of bond, in order to restrict the violation of such covenants by the plaintiff and her counsel.

  3. **General Provisions**. This Stipulation sets forth the entire understanding of the Parties regarding confidentiality. Any amendments must be in writing and signed by counsel for all Parties. This Stipulation shall be construed under the laws of the Commonwealth of Massachusetts. Any application for enforcement of this Stipulation shall be brought in the United States District Court in Boston. No party may delegate her or its duties under this Stipulation without the prior written consent of counsel for the parties. The confidentiality provisions of this Stipulation shall remain in full force and effect after the effective date of this Stipulation. If any provision of this Stipulation is declared unenforceable, such provision shall be deemed separate from this Stipulation and the Stipulation shall otherwise remain in full force and effect. This Stipulation shall be binding upon the plaintiff, the defendants and their respective counsel.

| | |
|---|---|
| The plaintiff,<br>by her attorney | The defendants,<br>by their attorneys |
| *(signature)*<br>Mark F. Itzkowitz<br>85 Devonshire Street<br>Suite 1000<br>Boston, MA 02109<br>(617) 227-1848<br>BBO No. 248130 | *(signature)*<br>John B. Johnson<br>Corrigan, Johnson & Tutor, P.A.<br>141 Tremont Street<br>Boston, MA 02111<br>(617) 338-0075<br>BBO No. 252580<br><br>*(signature)*<br>Robert J. Brown<br>Mendes & Mount, LLP<br>750 Seventh Avenue<br>New York, NY 10019<br>(212) 261-8000 |

4