UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY GENEREUX,                                    )<br>                          Plaintiff,                       )<br>                                                        )<br>                                                        )<br>v.                                                      )<br>                                                        )<br>                                                        )<br>COLUMBIA SUSSEX CORPORATION,   )<br>STARWOOD HOTELS & RESORTS      )<br>WORLDWIDE, INC., and WESTIN         )<br>HOTEL MANAGEMENT, L.P.               )<br>                          Defendants.                   )<br>                                                        ) | C.A. NO. 05-CV-10879-JLT |

## DEFENDANTS' MOTION TO SUPPLEMENT EXHIBIT 1 TO THEIR MOTION TO REDACT – WITH ASSENT OF PLAINTIFF

The defendants move, with the assent of the plaintiff, to supplement Exhibit 1 to

their Motion to Redact (*Stipulation Governing Confidential Discovery Material*) by

adding three pages which were part of the original Stipulation but which were

inadvertently not filed with the Motion to Redact.

A complete copy of the Stipulation, including the three pages not previously filed,

is attached to this motion.

By its attorneys,

*John B. Johnson*

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

Assented To:

*Mark F. Itzkowitz (JBJ)*

Mark F. Itzkowitz
85 Devonshire Street
Suite 1000
Boston, MA 02109
(617) 227-1848
BBO No. 248130

*Robert J. Brown (JBJ)*

Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KIMBERLY GENEREUX,<br>                    Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX CORPORATION<br>d/b/a WESTIN CASUARINA HOTEL,<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC., WESTIN LICENSE<br>COMPANY, WESTIN LICENSE<br>COMPANY NORTH, INC., WESTIN<br>MANAGEMENT COMPANY EAST,<br>WESTIN NORTH AMERICA<br>MANAGEMENT COMPANY, INC.,<br>GALLEON BEACH RESORT, LTD., and<br>CORPORATE DEFENDANTS X1-100,<br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 05-CV-10879-JLT |

## STIPULATION GOVERNING
## CONFIDENTIAL DISCOVERY MATERIAL

This STIPULATION GOVERNING CONFIDENTIAL DISCOVERY
MATERIAL ("Stipulation") is made and entered into effective this 21ˢᵗ day of October,
2006 by Attorney Mark Itkowitz, as counsel for and on behalf of the plaintiff, and
Attorney John B. Johnson, as counsel for and on behalf of the defendants (collectively,
the "Parties").

**WHEREAS,** the plaintiff and defendants are presently involved as Parties to a
lawsuit entitled Kimberly Genereux v. Columbia Sussex Corporation, et al, U.S. District
Court (Boston), Civil Action No. 05-CV-10879-JLT (the "Lawsuit"); and

**WHEREAS,** in the course of disclosure and discovery in the Lawsuit, the
plaintiff is being given access to certain Confidential Information (as defined below)
concerning the defendants and their business; and

**WHEREAS,** the plaintiff and her counsel agree to preserve the confidentiality of
such Confidential Information in accordance with the provisions of this Agreement,

**NOW, THEREFORE,** in consideration of the foregoing recitals and the mutual
promises contained herein, and other good and valuable consideration, the receipt and
adequacy of which are hereby acknowledged, the Parties agree as follows:

1.  **Confidential Information.**

(a)  The plaintiff and her counsel agree that neither they nor any of their agents will distribute, disclose or disseminate Confidential Information (as defined below) to any individual, corporation, partnership, limited liability company, affiliate or other entity or party unless such disclosure is made in connection with the Lawsuit and that those to whom disclosure is made are informed of and thereafter agree to be bound by the confidentiality restrictions contained herein. Such Confidential Information shall remain the exclusive property of the defendants. Notwithstanding the foregoing, the plaintiff and her counsel will not be obligated to keep confidential any Confidential Information that: (i) is or becomes publicly known other than by breach of this Agreement; (ii) is disclosed to the plaintiff or her counsel by a third party who has a lawful right to disclose it; or (iii) disclosure of which is lawfully required in a judicial or administrative proceeding.

(b)  As used herein, the term "Confidential Information" means any information or material which is proprietary to the defendants, whether or not owned or developed by the defendants, and which the plaintiff or her counsel may obtain through any direct or indirect contact with the defendants. Confidential Information includes, without limitation, the System License Agreement, any service, license, franchise or purchasing agreement, and any and all business records and plans, policies, standards, customer lists and records, trade secrets, technical information, products, inventions, computer programs and listings, source codes, copyrights and other intellectual property, developments, cost, business strategies, financial data and any other proprietary information about the product, services and/or operation and business of the defendants. The following documents, which are being produced at this time for the plaintiff and her counsel, are to be treated as Confidential Information:

i.  System License Agreement by and between Westin License Company and Galleon Beach Resort, Ltd. dated March 20, 1995.

ii.  Purchase and Sale Agreement, dated January 12, 2006, by and between Westin License Company and Westin Hotel Management, L.P.

iii.  Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin License Company and Westin Hotel Management, L.P.

iv.  Purchase and Sale Agreement, dated January 12, 2006, by and between Westin Management Company North and Westin Hotel Management, L.P.

v.  Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin Management Company North and Westin Hotel Management, L.P.

vi.  Purchase and Sale Agreement, dated January 12, 2006, by and between Westin Management Company East and Westin Hotel Management, L.P.

vii.  Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin Management Company East and Westin Hotel Management, L.P.

viii.     Purchase and Sale Agreement, dated January 12, 2006, by and between Westin North America Management Co. and Westin Hotel Management, L.P.

ix.     Bill of Sale, Assignment and Assumption Agreement, dated January 12, 2006, by and between Westin North America Management Co. and Westin Hotel Management, L.P.

x.     Purchase and Sale Agreement, dated April 6, 2006, by and between Isabella Holding Corp., Starwood Hotels & Resorts and Starwood Hotels & Resorts Worldwide, Inc.

xi.     Stock Purchase Agreement, dated April 6, 2006, by and between Broad Street Contract Services, Inc., Starwood Hotels & Resorts, Starwood Hotels & Resorts Worldwide, Inc., and Westin Hotel Management, L.P.

xii.     Limited Liability Company Operating Agreement of Westin International Services, LLC.

xiii.     Agreement of Limited Partnership of Westin Hotel Management, L.P.

(c)     The plaintiff and her counsel agree to return to counsel for the defendants the above-referenced documents identified as i-xiii, including all copies, once they have been used by the plaintiff and her counsel to identify the correct defendants to be included in this lawsuit, but no later than the time of the November 7, 2006 status conference scheduled in this case.

(d)     Additionally, all other documents which are produced during discovery and which are identified by any defendant as proprietary are to be treated as Confidential Information.

2.     **Unauthorized Disclosure of Information**. The plaintiff and her counsel acknowledge and agree that their breach of any of the provisions of this Stipulation would cause the defendants substantial damage and as such, in addition to any rights or remedies that the defendants may have at law or in equity, the defendants shall be entitled to seek injunctive relief to enforce the covenants and promises of the plaintiff and her counsel as set forth herein without necessity of bond, in order to restrict the violation of such covenants by the plaintiff and her counsel.

3.     **General Provisions**. This Stipulation sets forth the entire understanding of the Parties regarding confidentiality. Any amendments must be in writing and signed by counsel for all Parties. This Stipulation shall be construed under the laws of the Commonwealth of Massachusetts. Any application for enforcement of this Stipulation shall be brought in the United States District Court in Boston. No party may delegate her or its duties under this Stipulation without the prior written consent of counsel for the parties. The confidentiality provisions of this Stipulation shall remain in full force and effect after the effective date of this Stipulation. If any provision of this Stipulation is declared unenforceable, such provision shall be deemed separate from this Stipulation and the Stipulation shall otherwise remain in full force and effect. This Stipulation shall be binding upon the plaintiff, the defendants and their respective counsel.

The plaintiff,
by her attorney

Mark F. Itzkowitz
85 Devonshire Street
Suite 1000
Boston, MA 02109
(617) 227-1848
BBO No. 248130

The defendants,
by their attorneys

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

4

## CORRIGAN, JOHNSON & TUTOR, P.A.
COUNSELORS AT LAW
141 TREMONT STREET
BOSTON, MASSACHUSETTS 02111
TEL: (617) 338-0075
FAX: (617) 338-4244

JOHN B. JOHNSON
GERALD TUTOR

## FACSIMILE COVER SHEET

DATE: *October 23, 2006*

TO: *Mark Itzkowitz*

FACSIMILE NUMBER: *617 742 9130*

FROM: *John B Johnson*

RE: *Discovery*

PAGES (including cover sheet): *5*

COMMENTS:

*Mark*

*If this Confidentiality Stip.
is agreeable, let me know and I
will immediately deliver The
documents to you*

*As we discussed I
have signed your letter.*

*Thanks*
*JBJ*

***CONFIDENTIALITY NOTICE***

*The documents accompanying this facsimile transmission contain information
from the law firm of Corrigan, Johnson & Tutor, which is confidential or privileged. If
you have received this facsimile in error, please notify us by telephone immediately so
that we can arrange for the retrieval of the original documents at no cost to you.*

# Mark F. Itzkowitz

*Attorney at Law*

*85 Devonshire Street*
*Suite 1000*
*Boston, Massachusetts 02109-3504*

*Telephone: (617) 227-1848*
*Facsimile: (617) 742-9130*
*Also Admitted In New York*

October 23, 2006

**VIA FACSIMILE**

John B. Johnson, Esquire
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111

> *Re:*    *Kimberly Genereux v. Columbia Sussex Corporation, et. als.*
>          *Civil Action No. 05-CV-10879-JLT*

Dear Attorney Johnson:

This is to confirm our conversation of a few minutes ago. We have agreed to the following limited changes to the Stipulation Governing Confidential Discovery Materials, which you had faxed to me this morning:

1.    We will amend ¶1(a)(iii) on page 2 to add the words "or is reasonably necessary" following "is lawfully required". I understand that you agree that attachments of excerpts of the Confidential Discovery Materials to motions and pleadings is permitted by ¶1(a); and

2.    We will amend ¶1(c) on page 3 so that the plaintiff will be required to return Confidential Discovery Materials at the end of the Lawsuit rather that at the time of the November 7, 2006 status conference. I understand that you recognize that several, if not all, of the Confidential Discovery Materials may be relevant to proceedings post-dating the status conference. Although you have agreed to produce those documents a second time, it would be more efficient for all if we simply postpone return of the documents until the conclusion of the litigation, rather than requiring multiple deliveries and multiple reviews by counsel of identical documents. We also have agreed that we will determine in the future whether destruction of the documents will satisfy the requirement of protecting the confidentiality of the documents, in lieu of requiring their physical return to the defendants.

John B. Johnson, Esquire
Corrigan, Johnson & Tutor, P.A.
October 23, 2006
Page 2


       I understand that the present language of the Stipulation has been prepared and/or approved by Westin's counsel and requires his/her assent to any changes. Since you are starting an anticipated week long trial in Worcester tomorrow and since your secretary has commenced maternity leave, I understand that you are unlikely to be able to reach Westin's counsel in time to resolve these matters before trial preparation renders you unavailable until next week. Therefore, we have agreed that I will sign the Stipulation Governing Confidential Discovery Materials in its present form, with the understanding that you will speak with Westin's counsel as soon as possible and will seek his agreement to amend the Stipulation as we have discussed. Upon your receipt of the signed Stipulation, you will deliver to my office the thirteen documents identified in the Westin defendants' Rule 26(a) disclosures. Please sign and return a copy of this facsimile to confirm our agreement and I will fax the executed signature page of the Stipulation.

       Thank you for your courtesy and cooperation.

                Very truly yours,

                Mark F. Itzkowitz

MFI:el
cc:   Robert J. Brown, Esquire


I have reviewed and confirm the agreement set forth in the above letter.

                John B. Johnson