UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10879-JLT

| | |
|---|---|
| KIMBERLY GENEREUX,                )<br>    Plaintiff                          )<br>                                           )<br>    v.                                     )<br>                                           )<br>COLUMBIA SUSSEX CORPORATION, )<br>STARWOOD HOTELS & RESORTS  )<br>WORLDWIDE, INC., and             )<br>WESTIN HOTEL MANAGEMENT, L.P., )<br>    Defendants                        ) | **PLAINTIFF'S MOTION TO EXCEED THE TWENTY PAGE LIMIT OF <u>LOCAL RULE 7.1(b)(4)</u>** |

Kimberly Genereux, the plaintiff, hereby moves this Court for leave to exceed the twenty page limit of Local Rule 7.1(b)(4) in her Memorandum in Opposition to the Defendants' Motion for Summary Judgment for the following reasons:

1.   All three defendants have moved for summary judgment raising some issues which apply to all three of them and some issues which are unique to each.

2.   The decisional law which likely will govern resolution of the defendants' Motion is the law of the Cayman Islands.  The parties dispute the sources and application of such law.  Appropriate space is required properly to expound the plaintiff's understanding of the law.

3.   The defendants apparently also perceived the need to exceed the 20 page limit and did so, without requesting leave of Court, by filing three separate documents, each of which is an argument by a different counsel for the defendants and only one of which is captioned a Memorandum of Law.  The three documents

total 63 pages of text:  Memorandum of Law in Support of Defendants' Motion for Summary Judgment (20 pages); Affidavit of Robert J. Brown in Support of the Motion for Summary Judgment (28 pages); and "Opinion" of Myers & Alberga (15 pages), defendants' Cayman Islands counsel.  Mitchel dep., p. 86.

4.   The plaintiff does not anticipate approaching the number of pages of argument filed by the defendants but does require additional space to address the issues and relevant law in meaningful fashion.

WHEREFORE, the plaintiff respectfully requests leave to exceed the 20 page limit of Local Rule 7.1(b)(4).

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

On March 24, 2008, I, Mark F. Itzkowitz, counsel for the plaintiff, discussed and reviewed the foregoing motion with Attorney John B. Johnson, counsel for the defendants, and could not resolve the issue as the defendants would only agree to a five page extension of the length of the memorandum of law.

                              The Plaintiff,
                              By her Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA   02109-3504
(617) 227-1848
March 24, 2008

**CERTIFICATE OF SERVICE**

  I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY  10019-6829. |

          /s/ Mark F. Itzkowitz
          MARK F. ITZKOWITZ (BBO #248130)

Dated:  March 24, 2008

Page 1

UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action NO. 05-CV-10879-JLT

---

KIMBERLY GENEREUX,            )
          Plaintiff,      )
VS.                           )
COLUMBIA SUSSEX CORPORATION,  )
ET AL,                        )
          Defendants.     )

---

- - -

      Deposition of THEODORE R. MITCHEL, a witness, was called on behalf of the Plaintiff as upon cross-examination, pursuant to the Rules of Civil Procedure, commencing at 9:30 a.m., on Friday, September 7, 2007, at the Sheraton Cincinnati, in the "A" Armstrong Room at 2826 Terminal Drive, Hebron, Kentucky, before Terence M. Holmes, professional court reporter, and notary public within and for the Commonwealth of Kentucky.

- - -

1    THEODORE R. MITCHEL
2    of lawful age, a witness herein, being first duly
3    sworn, as hereinafter certified, was examined and
4    deposed as follows:
5             MR. ITZKOWITZ:  What do you want to do
6        on stipulations?  Stand by us as reserve
7        all objections, including motions to strike
8        until the time of trial, except for
9        objections related to privilege.  And
10       dispense with the -- waive the notary and
11       waive the signing and let the witness read
12       to sign, I would certainly want him to do
13       that.
14            MR. BROWN:  Yes.
15            MR. ITZKOWITZ:  Okay.
16            MR. BROWN:  Those are all acceptable
17       to me.
18            MR. ITZKOWITZ:  Great.  Okay.
19                 CROSS-EXAMINATION
20   BY MR. ITZKOWITZ:
21       Q.   Can you tell us your full name, sir?
22       A.   It's Theodore R. Mitchel.
23       Q.   And what does the R stand for?
24       A.   Robert.
25       Q.   And, Mr. Mitchel, you've been

1   designated by Columbia Sussex to testify as their
2   witness in response to a deposition for the person
3   with the most knowledge of that corporation, is that
4   correct?
5           A.   Yes.
6           Q.   Okay.  Do you know how it was that you
7   were designated, why you as opposed to other people?
8           A.   I'm assuming it's in my position as
9   secretary treasurer.
10          Q.   Okay.  Have you ever testified before
11  for Columbia Sussex as a designated person under Rule
12  30-B-6?
13          A.   I don't know what 30-B-6 is, but I've
14  testified before for Columbia Sussex, yes.
15          Q.   Okay.  In what types of cases have you
16  testified?
17          A.   Contract dispute cases, civil cases,
18  you know, slip and fall cases, I've testified a
19  number of times.
20          Q.   On the civil cases that you mentioned,
21  did any of them involve claims that people have --
22  that somebody had been injured at the hotels as a
23  result of a criminal incident?
24              MR. BROWN:  At the Galleon Beach
25          Hotel?

```
 1          Q.   Okay.  Are you listed as an officer on
 2   the corporate documents for Galleon Beach Resort
 3   Limited in the Cayman Islands?
 4          A.   Yes.
 5          Q.   Okay.  Are you a citizen of the Cayman
 6   Islands?
 7          A.   No, I'm not.
 8          Q.   And I gather there's no difficulty
 9   obviously with your holding an office down there
10   without being a citizen?
11          A.   I know there's no problem there.
12          Q.   Where are the Galleon Beach Resort
13   Limited corporate offices located?
14          A.   I don't know the exact address, it's
15   with a law firm that we use on the island, they
16   maintain the official corporate records for the
17   corporation.
18          Q.   And do you know which law firm that
19   is?
20          A.   Meyers & Alberga.
21               (Service Agreement, marked for
                  identification as Mitchel Exhibit 1.)
22          Q.   Mr. Mitchel, we just marked a document
23   as Exhibit 1.  Let me just ask you to take a look and
24   ask you if you can identify that for us, please?
25          A.   Yes, this is the Administrative
```