UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY GENEREUX,<br>　　　　　　Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX CORPORATION,<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC., and WESTIN<br>HOTEL MANAGEMENT, L.P.<br>　　　　　　Defendants. | C.A. NO. 05-CV-10879-JLT |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On March 24, 2008 the plaintiff served on the defendants the Plaintiff's Revised (Amended) Motion to Extend Time to Oppose Defendants' Motion for Summary Judgment. The defendants oppose such an extension.

1.　In her motion, the plaintiff seeks to extend from March 25 to March 28, 2008 the time during which she may file her opposition to the defendants' motion for summary judgment. The defendants oppose this extension. While the defendants recognize that the extension sought by the plaintiff is a very short one and one which the defendants would not ordinarily oppose, the defendants submit that, under the circumstances of this case, their opposition is merited. The trial of this matter is scheduled for April 14, 2008, and a status conference with the court is scheduled on April 1, 2008. Since the plaintiff's Opposition to the Motion for Summary Judgment was due on March 25, 2008, the defendants anticipated that the court would have sufficient time to review the motion and opposition prior to the April 1, 2008 conference. Likewise, the defendants believed that they would have sufficient time prior to the court conference to

gather any needed reply or rebuttal materials. If the requested extension is granted, the time for either of these will undoubtedly be insufficient.

  2. In the plaintiff's revised (amended) motion, she states "[t]he defendants had alerted the court of their intention to file the motion on January 30, 2008 and filed it on March 11, 2008; six weeks later and eight days after they received the report of plaintiff's security expert witness". This reference to dates and time periods is misleading. In fact, at the January 30, 2008 conference with the court, counsel for the defendants informed the court of their intention to file a motion for summary judgment, but said they would not be in a position to file such a motion until they had received and reviewed the anticipated report of the plaintiff's expert security witness. In response, the court gave the plaintiff until February 20, 2008 to serve the expert's report on the defendants. Thereafter, the plaintiff obtained an extension of time to March 3, 2008 to serve this report. The report was served on defendants' Boston counsel late in the day on Monday, March 3, 2008. By the time the report was served, defendants' counsel had left his office for a 4:00 p.m. meeting and he did not see the report until Tuesday, March 4, 2008. On the same day, defendants' Boston counsel provided a copy of the report to defendants' New York counsel. The summary judgment motion was filed one week later on Tuesday, March 11, 2008. Any insinuation that the defendants delayed the filing of their motion for six weeks is misplaced. Counsel for the defendants had notified the court and plaintiff's attorney that they would file their motion as soon as possible after receiving the expert's report, and the motion in fact was filed within eight days of receipt of that report.

Conclusion

For the reasons set forth above, the defendants submit that the plaintiff's motion should be denied.

                          The defendants,
by their attorneys

*/s/ John B. Johnson*
John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

*/s/ Robert J. Brown*
Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000