UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10879-JLT

| | |
|---|---|
| KIMBERLY GENEREUX, )<br>    Plaintiff )<br>)<br>    v. )<br>)<br>COLUMBIA SUSSEX CORPORATION, )<br>STARWOOD HOTELS & RESORTS )<br>WORLDWIDE, INC., and )<br>WESTIN HOTEL MANAGEMENT, L.P., )<br>    Defendants ) | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1** |

Pursuant to Local Rule 56.1, Kimberly Genereux, the plaintiff, hereby opposes the defendants' Statement of Undisputed Facts in Support of their Motion for Summary Judgment as follows:

**I.    THE FOLLOWING ISSUES OF MATERIAL FACT REMAIN TO BE TRIED CONCERNING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1.    Whether the defendants owed a duty of care to the plaintiff to safeguard the physical security of persons lawfully on the premises of the Westin Casuarina at the time of Ms. Genereux' rape, because of their control of security at Westin Hotels in general and at the Westin Casuarina in particular.  *See generally* materials cited on pages 1-30 of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, and especially citations to Transcript of the Deposition of Kimberly Genereux, Map & Photo Key, Conference Centre at the Westin Casuarina Resort Site Plan (and marked excerpts), Photographs, Affidavit of Kimberly Genereux and Second Amended Complaint, Royal Cayman Islands Police Service Letter to Westin Casuarina

Attorney Michael Alberga, September 27, 2005, System License Agreement, Transcript of the Deposition of Theodore Mitchel, Transcript of the Deposition of Theodore Mitchel (excerpts) in *Keppner v. Galleon Beach Resort, Ltd., et. als.,* Index No. 011724/2003 (N.Y. Sup. Ct., Erie County), Transcript of the Deposition of John McGovern, American Hotel & Lodging Association, DIRECTORY OF HOTEL & LODGING COMPANIES (74th ed., 2005)(excerpts), American Hotel & Lodging Association, DIRECTORY OF HOTEL & LODGING COMPANIES (71st ed., 2002)(excerpts), Lashner Rush & Associates Audit (August 30, 1999), Lashner Rush & Associates Audit (September 24, 2000), Lashner Rush & Associates Audit (April 24, 2001), Lashner Rush & Associates Audit (November 5, 2002), Westin Quality Assurance Program/QAP 2000, Westin Hotels & Resorts Property Maintenance Reference Guide, Transcript of the Deposition of Theodore Mitchel (excerpts) in *Reynolds v. Westin Hotel Company, et. als.,* U.S.D.C. E.D. Ky. Case No. 97-77 (March 16, 1998), Columbia Sussex website excerpt, Westin Corporate Identity Manual, Columbia Sussex' Manager's Manual, Transcript of the Deposition of Kellie Ann Lowell (excerpts) in *Reynolds v. Westin Hotel Company, et. als.,* U.S.D.C. E.D. Ky. Case No. 97-77, Columbia Sussex Corporation Safety & Loss Prevention Manual, Expert Witness Report of Robert J. McCrie, Ph.D., CPP, Cayman Islands Annual Report & Official Handbook (1998), Cayman Islands Annual Report & Official Handbook (1999),

Cayman Islands Annual Report & Official Handbook (2000), Cayman Islands Annual Report & Official Handbook (2001), Cayman Islands Annual Report & Official Handbook (2002), Starwood/Westin Design Review Memorandum, Response of Defendant Columbia Sussex Corporation to Plaintiff's Request for Production of Documents, Correspondence of Mark F. Itzkowitz to Robert J. Brown and John B. Johnson (September 10, 2007), Correspondence of Mark F. Itzkowitz to Robert J. Brown and John B. Johnson (September 19, 2007), Correspondence of Robert J. Brown to Mark F. Itzkowitz (September 28, 2007), Correspondence of Robert J. Brown to Mark F. Itzkowitz (January 8, 2008), Correspondence of Robert J. Brown to Mark F. Itzkowitz (January 25, 2008), ASIS *Dynamics* (May/June 2000), ASIS *Dynamics* (May/June 2001), ASIS *Dynamics* (May/June 2002), ASIS *Dynamics* (May/June 2003), Reports of Eleanor K. Egan, LHMC (February 21, 2005 & September 16, 2007), Report of David S. Chapin, M.D. (February 29, 2007 [*sic*]), Report of Norman C. Hursh, ScD, CRC, CVE (February 10, 2008), Report of Allan M. Feldman, Ph.D. (February 27, 2008).

    2.   Whether the defendants breached their duty to exercise reasonable care to safeguard the physical security of persons lawfully on the premises of the Westin Casuarina at the time of Ms. Genereux' rape. *See generally* materials cited in the Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, and especially citations to Transcript of the

Deposition of Kimberly Genereux, Map & Photo Key, Conference Centre at the Westin Casuarina Resort Site Plan (and marked excerpts), Photographs, Affidavit of Kimberly Genereux and Second Amended Complaint, Royal Cayman Islands Police Service Letter to Westin Casuarina Attorney Michael Alberga, September 27, 2005, System License Agreement, Transcript of the Deposition of Theodore Mitchel, Transcript of the Deposition of Theodore Mitchel (excerpts) in *Keppner v. Galleon Beach Resort, Ltd., et. als.,* Index No. 011724/2003 (N.Y. Sup. Ct., Erie County), Transcript of the Deposition of John McGovern, American Hotel & Lodging Association, DIRECTORY OF HOTEL & LODGING COMPANIES (74th ed., 2005)(excerpts), American Hotel & Lodging Association, DIRECTORY OF HOTEL & LODGING COMPANIES (71st ed., 2002) (excerpts), Lashner Rush & Associates Audit (August 30, 1999), Lashner Rush & Associates Audit (September 24, 2000), Lashner Rush & Associates Audit (April 24, 2001), Lashner Rush & Associates Audit (November 5, 2002), Westin Quality Assurance Program/QAP 2000, Westin Hotels & Resorts Property Maintenance Reference Guide, Transcript of the Deposition of Theodore Mitchel (excerpts) in *Reynolds v. Westin Hotel Company, et. als.,* U.S.D.C. E.D. Ky. Case No. 97-77 (March 16, 1998), Columbia Sussex website excerpt, Westin Corporate Identity Manual, Columbia Sussex' Manager's Manual, Transcript of the Deposition of Kellie Ann Lowell (excerpts) in *Reynolds v. Westin Hotel*

*Company, et. als.,* U.S.D.C. E.D. Ky. Case No. 97-77, Columbia Sussex Corporation Safety & Loss Prevention Manual, Expert Witness Report of Robert J. McCrie, Ph.D., CPP, Cayman Islands Annual Report & Official Handbook (1998), Cayman Islands Annual Report & Official Handbook (1999), Cayman Islands Annual Report & Official Handbook (2000), Cayman Islands Annual Report & Official Handbook (2001), Cayman Islands Annual Report & Official Handbook (2002), Starwood/Westin Design Review Memorandum, Response of Defendant Columbia Sussex Corporation to Plaintiff's Request for Production of Documents, Correspondence of Mark F. Itzkowitz to Robert J. Brown and John B. Johnson (September 10, 2007), Correspondence of Mark F. Itzkowitz to Robert J. Brown and John B. Johnson (September 19, 2007), Correspondence of Robert J. Brown to Mark F. Itzkowitz (September 28, 2007), Correspondence of Robert J. Brown to Mark F. Itzkowitz (January 8, 2008), Correspondence of Robert J. Brown to Mark F. Itzkowitz (January 25, 2008), ASIS *Dynamics* (May/June 2000), ASIS *Dynamics* (May/June 2001), ASIS *Dynamics* (May/June 2002), ASIS *Dynamics* (May/June 2003).

    3.   Whether the defendants' breach of their duty of care caused Ms. Genereux' damages. *See generally* materials cited in the Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, the foregoing citations on the issue of negligence, and especially citations to Transcript of the

Deposition of Kimberly Genereux, Map & Photo Key, Conference Centre at the Westin Casuarina Resort Site Plan (and marked excerpts), Photographs, Affidavit of Kimberly Genereux and Second Amended Complaint, Royal Cayman Islands Police Service Letter to Westin Casuarina Attorney Michael Alberga, September 27, 2005, System License Agreement, Transcript of the Deposition of Theodore Mitchel, Transcript of the Deposition of Theodore Mitchel (excerpts) in *Keppner v. Galleon Beach Resort, Ltd., et. als.,* Index No. 011724/2003 (N.Y. Sup. Ct., Erie County), Transcript of the Deposition of John McGovern, American Hotel & Lodging Association, DIRECTORY OF HOTEL & LODGING COMPANIES (74th ed., 2005)(excerpts), American Hotel & Lodging Association, DIRECTORY OF HOTEL & LODGING COMPANIES (71st ed., 2002) (excerpts), Lashner Rush & Associates Audit (August 30, 1999), Lashner Rush & Associates Audit (September 24, 2000), Lashner Rush & Associates Audit (April 24, 2001), Lashner Rush & Associates Audit (November 5, 2002), Westin Quality Assurance Program/QAP 2000, Westin Hotels & Resorts Property Maintenance Reference Guide, Transcript of the Deposition of Theodore Mitchel (excerpts) in *Reynolds v. Westin Hotel Company, et. als.,* U.S.D.C. E.D. Ky. Case No. 97-77 (March 16, 1998), Columbia Sussex website excerpt, Westin Corporate Identity Manual, Columbia Sussex' Manager's Manual, Transcript of the Deposition of Kellie Ann Lowell (excerpts) in *Reynolds v. Westin Hotel*

*Company, et. als.,* U.S.D.C. E.D. Ky. Case No. 97-77, Columbia Sussex Corporation Safety & Loss Prevention Manual, Expert Witness Report of Robert J. McCrie, Ph.D., CPP, Cayman Islands Annual Report & Official Handbook (1998), Cayman Islands Annual Report & Official Handbook (1999), Cayman Islands Annual Report & Official Handbook (2000), Cayman Islands Annual Report & Official Handbook (2001), Cayman Islands Annual Report & Official Handbook (2002), Starwood/Westin Design Review Memorandum, Response of Defendant Columbia Sussex Corporation to Plaintiff's Request for Production of Documents, Correspondence of Mark F. Itzkowitz to Robert J. Brown and John B. Johnson (September 10, 2007), Correspondence of Mark F. Itzkowitz to Robert J. Brown and John B. Johnson (September 19, 2007), Correspondence of Robert J. Brown to Mark F. Itzkowitz (September 28, 2007), Correspondence of Robert J. Brown to Mark F. Itzkowitz (January 8, 2008), Correspondence of Robert J. Brown to Mark F. Itzkowitz (January 25, 2008), ASIS *Dynamics* (May/June 2000), ASIS *Dynamics* (May/June 2001), ASIS *Dynamics* (May/June 2002), ASIS *Dynamics* (May/June 2003), Reports of Eleanor K. Egan, LHMC (February 21, 2005 & September 16, 2007), Report of David S. Chapin, M.D. (February 29, 2007 [*sic*]), Report of Norman C. Hursh, ScD, CRC, CVE (February 10, 2008), Report of Allan M. Feldman, Ph.D. (February 27, 2008).

The facts supporting the above statement of disputed facts

are appended to the Affidavit of Mark F. Itzkowitz in Opposition to Defendants' Motion for Summary Judgment and/or to the Affidavit of Robert Brown, Esquire in Support of the Defendants' Motion for Summary Judgment.

The plaintiff respectfully requests an opportunity to supplement this Statement with specific page references should the Court believe it necessary or helpful.

**II.   RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

1-14.   Plaintiff admits the facts stated.

15.     Plaintiff admits the facts stated in the first sentence.  Plaintiff denies that the hotel grounds were solely "private property" but states that they were private property with public access.  Olsen Aff.; Genereux dep.

16.     Plaintiff admits the facts stated but denies that they are the only facts relevant to determining the defendants' liability or to determining whether the defendants' motion should be granted.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above.

17-18.  Plaintiff denies the "facts" stated, which, in realty, are the defendants' opinions.  There is no evidence that the plaintiff was "follow[ed]" or "pursu[ed]".  *See e.g.,* materials cited on pages 1-5 of Plaintiff's

<div style="margin-left:2em">

|  |  |
|---|---|
|  | Memorandum in Opposition to Defendants' Motion for Summary Judgment. |
| 19. | Plaintiff admits the facts stated. |
| 20. | Plaintiff admits the facts stated in broad terms but states that the defendants' response was negligent. *See e.g.,* materials cited on pages 1-7, 29-30 of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment. |
| 21-22. | Plaintiff admits the facts stated. |
| 23-24. | Plaintiff admits the facts stated but denies that the facts are relevant to the defendants' liability or the determination of the instant Motion. |
| 25. | Plaintiff admits the facts stated but denies that they are the only facts relevant to determining the defendants' liability or to determining whether the defendants' motion should be granted.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above. |
| 26. | Plaintiff admits the facts stated but denies that they are the only facts relevant to determining the defendants' liability or to determining whether the defendants' motion should be granted.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above. |

</div>

27.        Plaintiff denies the facts alleged.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above.

28.        Plaintiff admits the facts stated but denies that they are the only facts relevant to determining the defendants' liability or to determining whether the defendants' motion should be granted.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above.

29-33.     Plaintiff denies the facts alleged.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above.

34.        Plaintiff admits the facts stated.

35-36.     Plaintiff admits the facts stated but denies that they are the only facts relevant to determining the defendants' liability or to determining whether the defendants' motion should be granted.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above.

37-38.     Plaintiff denies the facts alleged.  For opposing materials, please see the materials cited in Paragraphs 1-2 of Section I above.

39-40.     Plaintiff admits the facts stated.

41-47.     Plaintiff denies the facts alleged.  For opposing

materials, please see the materials cited in Paragraphs 1-2 of Section I above.

>The Plaintiff,
>By her Attorney,
>
>_____
>MARK F. ITZKOWITZ (BBO #248130)
>85 Devonshire Street
>Suite 1000
>Boston, MA  02109-3504
>(617) 227-1848
>March 26, 2008

**CERTIFICATE OF SERVICE**

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY  10019-6829. |

>  s/ Mark F. Itzkowitz
> MARK F. ITZKOWITZ (BBO #248130)

Dated:  March 26, 2008