UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10879-JLT

| | |
|---|---|
| KIMBERLY GENEREUX,            ) | |
|     Plaintiff                            ) | **PLAINTIFF'S MOTION TO STRIKE** |
|                                               ) | **PORTIONS OF THE AFFIDAVIT OF** |
|     v.                                        ) | **THEODORE MITCHEL** |
|                                               ) | **IN SUPPORT OF DEFENDANTS'** |
| COLUMBIA SUSSEX CORPORATION,  ) | **MOTION FOR SUMMARY JUDGMENT** |
| STARWOOD HOTELS & RESORTS     ) | **DUE TO IMPROPER ARGUMENT,** |
| WORLDWIDE, INC., and           ) | **OPINION, AND CONTRADICTION** |
| WESTIN HOTEL MANAGEMENT, L.P.,) | **OF DEPOSITION TESTIMONY** |
|     Defendants                      ) | |

    Pursuant to Fed. R. Civ. P. 56(e), the plaintiff, Kimberly Genereux, hereby moves this Court to strike paragraphs 6, 8, 12-13, 15-17, 20, 31-32, and 36-37, inclusive, of the affidavit of Theodore Mitchel, which was filed in support of the defendants' motion for summary judgment, for the following reasons:

    1.  The witness has proffered non-expert opinion testimony concerning the merits of the plaintiff's claim and the meaning and interpretation of various documents and facts, much of which rises to the level of argument and addresses the factual issue of control to be determined by the jury, in paragraphs 6, 12, 13, 15, 16, 17, 20, 32, 36, and 37, in violation of Fed. R. Evid. 701.

    2.   The witness has offered affidavit testimony designed to and in contradiction of his deposition testimony in paragraphs 8, 20, 31, 32 and 36, in violation of *Camerlin v. New York Central R. Co.,* 199 F.2d 698, 701 (1st Cir. 1952).   *See also Reisner v. General Motors Corp.,* 671 F.2d 91, 93 (2d Cir.), *cert. denied,*

459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982). Contradictory deposition testimony appears at the following pages of the transcript, which has been filed separately:

| Affidavit Paragraph | Deposition Transcript Page |
|---|---|
| 8 | 80-82 |
| 20 | 91-93, 96-98, 100-01 |
| 31 | 91-93, 140-43, 150-55, 157-61 |
| 32 | 91-93, 140-43, 150-55, 157-61 |
| 36 | 8, 38. |

For all of the above reasons, this Court should strike and disregard the cited paragraphs of the affidavit.

            Respectfully submitted,
            By her Attorney,

            _____
            MARK F. ITZKOWITZ (BBO# 248130)
            85 Devonshire Street
            Suite 1000
            Boston, MA  02109-3504
            (617) 227-1848
            March 26, 2008

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY  10019-6829. |

                                      /s/ Mark F. Itzkowitz
                                      MARK F. ITZKOWITZ (BBO #248130)

Dated:  March 26, 2008