UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| KIMBERLY GENEREUX, | C.A. NO. 05-CV-10879-JLT |
| Plaintiff, | |
| v. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF ROBERT J. BROWN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| COLUMBIA SUSSEX CORPORATION STARWOOD HOTELS & RESORTS WORLDWIDE, INC., WESTIN HOTEL MANAGEMENT L.P. | |
| Defendants. | |

---

Defendants Columbia Sussex Corporation ("Columbia Sussex"), Starwood Hotels & Resorts Worldwide, Inc., ("Starwood") and Westin Hotel Management, L.P. ("Westin") respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Affidavit of Robert J. Brown in Support of Defendants' Motion for Summary Judgment.

As an attorney for the Defendants, Mr. Brown has participated in this litigation since its inception and is fully competent to provide an attorney's affidavit in support of Defendants' Motion for Summary Judgment. Prior to appending any documents to The Brown Affidavit sworn to March 10, 2008 ("Brown Affidavit"), he personally reviewed each such pleading, deposition transcript and document. (Affidavit of Robert J. Brown, sworn to March 31, 2008 submitted simultaneously herewith in opposition to Plaintiff's Motion to Strike The Brown Affidavit).

The Brown Affidavit provides to the Court the facts of the case, not as witnessed by Mr. Brown, but rather as set forth in the affidavits, pleadings and other documents

Error! Unknown document property name.

- 1 -

appended to his Affidavit. It provides the Court with a map of the testimony and facts, all supported by admissible evidence annexed to the Affidavit, which would be presented at trial; that is, what the supporting evidence shows and from the proper sources, i.e., sworn to by persons with personal knowledge.

The Statements set forth in the Brown Affidavit are supported by and appropriately cited to the corresponding Affidavits of Mr. Theodore Mitchel, Mr. John McGovern, Mr. Niels Olsen and Mr. Denzil Luke (with documents appended to some or all of those affidavits), as well as the legal opinion of the Cayman Law firm of Myers & Alberga (which was respectfully submitted for this Court's consideration) and Plaintiff's own deposition testimony and pleadings.

The Brown Affidavit does not take the place of, nor was it ever intended to be substituted in lieu of, the facts as attested to by persons with the requisite personal knowledge. It simply offers to the Court the facts in a presentable manner with the appropriate cites corresponding to the evidentiary supporting proof. There is neither a need, nor a basis, to strike The Brown Affidavit, which submits to the Court the evidentiary proof supporting Defendants' Motion for Summary Judgment.

The Brown Affidavit also sets forth some of the relevant objections to the Plaintiff's Submission of the report of Mr. Robert McCrie, dated February 28, 2008. The Plaintiff refers to the McCrie report in her opposition to the Defendants' Motion for Summary Judgment. Indeed, it would appear that the only purported support for her claims and the only purported "facts" submitted in opposition to Defendants' Motion for Summary Judgment are statements by McCrie from his "Report." (The many statements and assertions made by Plaintiff's counsel in opposition to Defendants' Motion are

neither based on personal knowledge nor supported by admissible proof). The Brown Affidavit appropriately notes the insufficiency of the McCrie Report and lodges Defendants' objection to the Court's consideration of that Report.

## PLAINTIFF'S CASELAW INAPPOSITE

None of the cases cited by Plaintiff in her Motion to Strike The Brown Affidavit supports the striking of an attorney's affidavit to which is appended the appropriate evidentiary proof in the form of affidavits, deposition testimony and documentary proof, all of which having been sworn to by individuals with personal knowledge. Each of the cases cited by Plaintiff deals with situations in which the *sole* evidence provided by and relied upon a party was an attorney's affidavit, without personal knowledge and to which documentary proof was not attached.

For instance, the case of Maiorana v. MacDonald, 596 F.2nd 1072 (1st Cir. 1979) did not involve an attorney's affidavit, but rather an affidavit from the plaintiff which was not made "on personal knowledge." It was:

> instead purportedly based upon testimony she heard at an inquest and an autopsy report. Yet sworn or certified copies of the transcript and the autopsy report were not, as required, attached to her counter-affidavits or served with them.

Id. at 1080. The First Circuit noted that the critical portion of the counter-affidavits did not comply with the Federal Rule 56(e) because those critical portions had no evidentiary proof appended to the affidavit ("we did not see why even if the transcript was bulky the relevant portions could not have been properly presented, or the transcript at least proffered in the District Court." Id.). That is not the situation at bar where The Brown Affidavit appropriately attached all supporting proof from proper sources and in admissible form.

Similarly, in <u>Marine Charter & Storage Ltd., Inc. v. Denison Marine, Inc.</u> 701 F. Supp. 930, 932 note 1 (D. Mass. 1988), the Court addressed the situation in which the <u>only</u> evidence from one party on a critical issue involving personal jurisdiction was an attorney's affidavit not based on personal knowledge.

The Brown Affidavit is not offering evidence based on Mr. Brown's personal knowledge, but rather presents to the Court the evidence based upon the individual sources, each of whom attest to facts based upon their personal knowledge. There has been extensive discovery in this case and The Brown Affidavit serves to introduce in a presentable fashion to this Court the relevant testimony with appropriate citations corresponding to each statement of fact. For instance, Plaintiff's own deposition testimony is quoted at length.

Plaintiff's citation to <u>Albright v. Federal Deposit Insurance Corporation</u>, 21 F. 3rd 419 (Table), 1994 WL 109047 at * 4 (1st Cir. 1994) (unpublished opinion) case is similarly inapposite. In <u>Albright</u> the Court specifically noted:

> Appellants' *sole* evidence of the alleged agreements and communications between the Bank and the Developer is an affidavit by appellants' *attorney*, generally relating evidence appellants would present *at trial*... The affidavit is unaccompanied by documentary support.

<u>Id</u>. at 4 (citations omitted) (emphasis in original). Unlike The Brown Affidavit, that affidavit failed to attach any documentary support.

Plaintiff cites <u>Kaymen v. American Telephone & Telegraph Company</u>, 791 F.2d 1006, 1011 (2nd Cir. 1986), a case in which the court noted that the only purported evidence addressing a "crucial statement" in the case was an attorney's affidavit not based upon personal knowledge. Similarly, in the case of <u>Beyah v. Coughlin</u>, 789 F.2d

986, 989 -90 (2nd Cir. 1986) cited by the Plaintiff at paragraph 7 of her Motion to Strike The Brown Affidavit, the Court noted that:

> <u>The only affidavit submitted was that of Cream, defendant's attorney.</u> Cream, however, did not suggest that he had personal knowledge of any of the facts he asserted. The letters attached to the Cream affidavit, although signed by persons who may have had personal knowledge of the matters asserted therein were not sworn to as required by Rule 56(e).

(<u>Id.</u> at 989). In that case the court noted "Defendants proffered no statements sworn to by anyone who had knowledge of the facts asserted." (<u>Id.</u> at 990). The same cannot be said about The Brown Affidavit in the case at bar. Another case cited by plaintiff, <u>Burger v. Health Insurance Plan of Greater New York</u>, 684 F. Supp. 46 (S.D.N.Y. 1988) is wholly inapposite. In <u>Berger</u> the court noted that the attorney affidavit "represented <u>the only evidentiary support</u> for defendant's argument that plaintiff failed to state a claim for tortious interference with contract." <u>Id.</u> at 54.

Each of the cases cited by Plaintiff in support of her Motion to Strike The Brown Affidavit draws upon factual circumstances wherein attorneys' affidavits were submitted in lieu of evidence and not attaching or appending appropriately supporting evidence based upon personal knowledge. The Brown Affidavit is not offering a promise to produce admissible evidence at trial but rather showing the admissible evidence as it exists today and appending it to the attorney affidavit. The evidence submitted in support of Defendants' Motion for Summary Judgment is provided by witnesses with personal knowledge. If the Brown Affidavit did not append admissible evidentiary proof, then it would not be providing the Court with a record (see e.g.: "an attorney's affidavit not upon personal knowledge, ***or referable to sources of actual knowledge of the facts***, leaves the record for purposes of summary judgment as it was without any affidavit at

all." Christophides v. D.A. Porco, 289 F. Supp. 403 (S.D.N.Y. 1968) (citations omitted and emphasis added)). The Brown Affidavit provides to the Court references to the evidence with all source material readily available and appropriately cited.

Again, Defendants respectfully submit that it is inappropriate for Plaintiff to argue that The Brown Affidavit should be stricken as there is nothing improper about an attorney's affidavit setting forth the pertinent relevant facts of the case with the appropriate corresponding citations to the admissible evidentiary proof from the appropriate sources, all of which are attached to the attorney's affidavit.

Attorneys' affidavits routinely append depositions, pleadings and supporting documents, where there is appropriate citation to the appended documents, all of which are either sworn to by persons with personal knowledge or otherwise verified, stipulated or admitted. There is nothing either untoward or objectionable about the attorney's affidavit reciting the evidence with appropriate citation to the evidence.

However, in the unlikely event the Court finds certain portions of The Brown Affidavit to be inappropriate, the First Circuit recognizes that courts should resolve motions to strike affidavits by using a "scalpel, not a butcher knife." Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001). The First Circuit explained that courts must disregard only those parts of an affidavit deemed to be inadmissible and give credit to the remaining portions of the affidavit. Id. In Perez, the court did not address the viability of an attorney's affidavit, but instead struck portions of a witness's affidavit for lack of personal knowledge of subjects attested to. For example, the court struck portions of an affidavit that related to "personal discussions with various … representatives" as the "representatives" were not identified. The court also struck four other paragraphs (and

two sentences from another paragraph) in which the statements were unsupported with "particularized factual information." Id. at 316-17.

Defendants respectfully submit that The Brown Affidavit should not be stricken; it annexes the requisite appropriate and relevant admissible proof in an orderly fashion, which is the most efficient way to present this Honorable Court with access to the facts. All of the statements set forth in The Brown Affidavit are supported by cites to the corresponding admissible evidence which is appended to the Affidavit.

## NO VIOLATION OF L.R.7.1(B)(4)

Plaintiff's other argument regarding an alleged violation of L.R.7.1.(b)(4) and the twenty page limitation is without merit. Not only did the Defendants' Memorandum of Law in Support of the Motion for Summary Judgment not exceed twenty pages, but also Plaintiff was granted by this Court an opportunity oppose Defendants' Motion without imposition of any page limitation. Interestingly, it is Plaintiff's 51 page Memorandum in Opposition which provides this Court with the unsworn statements of Plaintiff's attorney largely mischaracterizing the evidence and not providing admissible evidence in opposition, which commits the wrongs she would ascribe to The Brown Affidavit. The Brown Affidavit is supported with admissible proof. Plaintiffs' opposition is not and there is no genuine issue of fact which remains to be tried.

- 8 -

## CONCLUSION

**FOR ALL OF THESE REASONS**, Plaintiff's Motion to Strike the Brown Affidavit dated March 10, 2008, which was submitted in Support of Defendants' Motion for Summary Judgment, should be denied in its entirety.

Dated: New York, New York
      March 31, 2008

                                              Yours respectfully,

                                              CORRIGAN JOHNSON & TUTOR
                                              141 Tremont Street
                                              Boston, MA 02111
                                              (617) 338-0075

                           By: _____
                                              John B. Johnson, #252580

                                          -and-

                                              MENDES & MOUNT, LLP
                                              750 Seventh Avenue
                                              New York, New York 10019
                                              (212) 261-8000

                                              Attorneys for Defendants
                                              Columbia Sussex Corporation
                                              Starwood Hotels & Resorts
                                              Worldwide, Inc.
                                              Westin Hotel Management L.P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------
KIMBERLY GENEREUX,              C.A. NO. 05-CV-10879-JLT

                Plaintiff,           **AFFIDAVIT OF ROBERT J.**
v.                                              **BROWN SUBMITTED IN**
                                                               **OPPOSITION TO THE MOTION**
COLUMBIA SUSSEX CORPORATION                     **TO STRIKE THE BROWN**
STARWOOD HOTELS & RESORTS                       **AFFIDAVIT SUBMITTED IN**
WORLDWIDE, INC., WESTIN HOTEL                   **SUPPORT OF DEFENDANTS'**
MANAGEMENT L.P.                                 **MOTION FOR SUMMARY**
                Defendants.          **JUDGMENT**
---------------------------------------------------

Robert J. Brown, being first duly sworn deposes and says:

1. I am a member of Mendes & Mount, LLP, attorneys for Defendants Columbia Sussex Corporation ("Columbia Sussex"), Starwood Hotels & Resorts Worldwide, Inc., ("Starwood") and Westin Hotel Management L.P. ("Westin"). I have participated in the pleadings and proceedings heretofore had herein. I respectfully submit this Affidavit in Opposition to Plaintiff's Motion to strike my Affidavit sworn to March 10, 2008, which was submitted in support of Defendants' Motion for Summary Judgment (hereafter "Brown Affidavit").

2. As an attorney for the Defendants, I have participated in this litigation since its inception and am fully competent to provide an Attorney's Affidavit in Support of Defendants' Motion for Summary Judgment. Prior to appending any documents to The Brown Affidavit, I personally reviewed each such pleading, deposition transcript and document.

3. The Brown Affidavit submitted in Support of the Defendants' Motion for Summary Judgment provides to the Court the facts of the case, not as

witnessed by me, but rather as set forth in the affidavits, pleadings and other documents appended to my Affidavit.

4. The Brown Affidavit provides the Court with a map of the testimony and facts, all supported by admissible evidence annexed to the Affidavit, which would be presented at trial; that is, what the supporting evidence shows and the sources from which it will be presented at trial in admissible form, i.e., by persons with personal knowledge.

5. I do not present myself as a witness to the incident alleged by Plaintiff and do not have personal knowledge of the events set forth in the Plaintiff's Complaint. I do, however, have personal knowledge of the proceedings which have taken place in this litigation. To that extent, The Brown Affidavit was presented to the Court to set forth the relevant facts which have been adduced from witnesses with personal knowledge and documents which have been produced in this litigation.

6. The Statements set forth in The Brown Affidavit are supported by, and appropriately cited to, the corresponding Affidavits of Mr. Theodore Mitchel, Mr. John McGovern, Mr. Niels Olsen and Mr. Denzil Luke (with documents appended to some or all of those affidavits), as well as the legal opinion of the Cayman Law firm of Myers & Alberga (which was offered for the Court's consideration) and Plaintiff's own deposition testimony and pleadings.

7. The Brown Affidavit does not take the place of, nor was it ever intended to be substituted in lieu of, the facts as attested to by persons with the requisite personal knowledge. It simply offers to the Court the facts in a presentable

manner with the appropriate cites corresponding to the supporting evidentiary proof.

8. The Brown Affidavit also sets forth some of the relevant objections to the Plaintiff's submission of the report of Mr. Robert McCrie, dated February 28, 2008. The Plaintiff refers to the McCrie report in her opposition to the Defendants' Motion for Summary Judgment. Indeed, it would appear that the only purported support for her claims and the only purported "facts" submitted in opposition to the Defendants' Motion for Summary judgment are statements by McCrie from his "Report." (The many statements and assertions made by Plaintiff's counsel in opposition to Defendants' Motion are neither based on personal knowledge nor supported by admissible proof). The Brown Affidavit appropriately notes the insufficiency of the McCrie Report and lodges Defendants' objection to the Court's consideration of that Report.

9. For all of these reasons, I respectfully submit this Affidavit in Opposition to the Plaintiff's Motion seeking to Strike the Brown Affidavit dated March 10, 2008, which was submitted in Support of Defendants' Motion for Summary Judgment. Plaintiff's Motion to Strike my Affidavit dated March 10, 2008 should be denied in its entirety.

Dated: New York, New York
March 31, 2008

Respectfully,

_____
ROBERT J. BROWN

Sworn to before me this 31st
day of March, 2008.

_Patricia Ferrand_
NOTARY PUBLIC

PATRICIA FERRAND
Notary Public, State of New York
No. 41-5022873
Qualified in Queens County
Commission Expires Jan. 18, 2010

3