UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

KIMBERLY GENEREUX,

                Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION WORLDWIDE, INC., WESTIN HOTEL MANAGEMENT L.P.

                Defendants.

---

C.A. NO. 05-CV-10879-JLT

**MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AFFIDAVIT OF TED MITCHEL**

     Defendants Columbia Sussex Corporation ("Columbia Sussex"), Starwood Hotels and Resorts Worldwide, Inc. ("Starwood") and Westin Hotel Management, L.P. ("Westin") respectfully submit the following Memorandum in Opposition to Plaintiff's Motion to Strike Portions of the Affidavit of Theodore Mitchel, sworn to March 7, 2008. Plaintiff moves to strike portions of Mitchel's Affidavit based upon the alleged use of non-expert opinion testimony in violation of Federal Rule of Evidence 701 and the use of testimony allegedly contradictory to Mitchel's deposition testimony. Both contentions by Plaintiff are incorrect and wholly unsupported by the evidence; each contention will be addressed in turn.

     Defendants also note that Plaintiff's suggestion that Mitchel may have contradicted himself may be Plaintiff's attempt to assert that a trial is necessary to test Mitchel's credibility. Not only is there no support for Plaintiff's suggestion of contradictory testimony, but also there was nothing proffered by Plaintiff to refute Mitchel's testimony. There is no need for a trial.

**A. Alleged Non-Expert Opinion Testimony**

     Plaintiff alleges Mitchel proffered non-expert opinion testimony in paragraphs 6, 12, 13, 15, 16, 17, 20, 32, 36, and 37 of his March 7, 2008 Affidavit. However, contrary to Plaintiff's contention, all paragraphs identified in Mitchel's Affidavit contain *facts*, rather than opinion,

based upon Mitchel's personal knowledge. For example, in paragraph 6, Mitchel attests to the fact that Columbia Sussex and Galleon Beach Resort, Ltd. (hereafter "Galleon Beach") do not share identities and that each company remains distinctly its own corporate entity. Because Mitchel serves as an officer of both companies, he is in a position to know and testify to this fact. Mitchel has personal knowledge of the general corporate structure of both Columbia Sussex and Galleon Beach. Pursuant to his position as an officer, Mitchel has personal knowledge that Galleon Beach is not a direct or an indirect subsidiary of Columbia Sussex. (Mitchel Aff. at ¶ 7). He has personal knowledge that the two companies maintain separate and independent Boards of Directors (although one Director, Mr. William Yung, served on both boards in 2002). (Mitchel Aff. at ¶ 10). He has personal knowledge that Columbia Sussex does not own any stock or membership interest in Galleon Beach. (Mitchel Aff. at ¶ 11). For all these reasons, and others, Mitchel is fully qualified to testify to the fact that Columbia Sussex and Galleon Beach do not share identities and that each company retains its own distinct corporate identity.

Further, Mitchel appropriately attests in paragraph 6 of his Affidavit that Columbia Sussex does not control Galleon Beach. Again, Mitchel attests to this fact based upon the personal knowledge he has attained in his position as officer of both companies. Mitchel has personal knowledge of the fact that Columbia Sussex does not manage or operate The Westin Casuarina Resort and Spa ("The Westin Casuarina"). (Mitchel Aff. at ¶ 16). He has personal knowledge of the fact that Columbia Sussex does not provide any facilities maintenance or security services to Galleon Beach. (Mitchel Aff. at ¶ 17). He has personal knowledge of the fact that Columbia Sussex did not (and does not) hire or fire Galleon Beach employees, nor has it ever had the authority to do so. (Mitchel Aff. at ¶ 18). For all these reasons, and others, Mitchel is fully qualified to testify to the fact that Columbia Sussex does not control Galleon Beach.

Defendants need not waste this Court's time in addressing each and every paragraph of Mitchel's Affidavit that is identified in Plaintiff's Motion, as each paragraph contains similar fact testimony based upon Mitchel's personal knowledge he acquired in his position as officer of both corporations. Even if the Court were to find that Mitchel proffered opinion testimony in his affidavit, such testimony certainly did not rise to the level of argument and, in any event, merely represented lay opinion based upon his personal knowledge, all of which is appropriate and permissible within the confines of Federal Rule of Evidence 701.

An affidavit complies with Federal Rule of Civil Procedure 56(e) if it presents evidence which would be admissible at trial. As a general rule, this requires that the affiant have personal knowledge of the information contained in the affidavit. For an explanation, see the Seventh Circuit opinion in Visser v. Packard Engineering Associates, Inc., 924 F.2d 655 (7th Cir. 1991) which provides as follows:

> The proper ground for excluding the affidavits is that witnesses who are not expert witnesses ... are permitted to testify only from their personal knowledge. Testimony about matters outside their personal knowledge is not admissible, and if not admissible at trial neither is it admissible in an affidavit used to support or resist the grant of summary judgment. In fact Rule 56(e) incorporates [Fed. R. Evid. 602] in words as well as by reference, by stating that "supporting and opposing affidavits shall be made on personal knowledge." It is true that "personal knowledge" includes inferences -- all knowledge is inferential -- and therefore opinions. But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.

Id. at 659 (internal citations omitted). In Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996) and United States v. Doe, 960 F.2d 221 (1st Cir. 1992) the First Circuit cited to the language provided by the court in Visser to explain the admissibility of evidence grounded on personal knowledge and personal inferences. Therefore, as the court explained in Visser, any

inference or opinion based upon the personal knowledge of Mitchel is also admissible into evidence and should not be stricken from the record.

**B. Alleged Contradictory Statements**

Plaintiff further contends that certain testimony proffered by Mitchel in his Affidavit at paragraphs 8, 20, 31, 32, and 36 is contradictory to his deposition testimony. To adequately address this unsupportable contention, Defendants will address each such challenged paragraph in turn.

In paragraph 8, Mitchel attests to the fact that three of the five officers of Galleon Beach held positions at both Galleon Beach and Columbia Sussex in 2002. Thus, there has never been "a complete identity of officers between the two corporations." (Mitchel Aff. at ¶8). Mitchel never testified in his deposition that the entire board of officers were identical between the two corporations, nor did he deny the fact that three of the five officers of Galleon Beach held positions at both corporations in 2002. The deposition testimony cited by Plaintiff (Mitchel Dep. at pp. 80-82) therefore does not contradict his Affidavit testimony, but instead supports the assertions he made. He testified at deposition that certain people have held positions as officers in both Galleon Beach and Columbia Sussex, and he identifies certain people who have held such positions. It is Plaintiff's mischaracterization of the testimony which she uses to suggest a Mitchell contradiction. The facts show none.

Paragraph 20 of Mitchel's Affidavit provides: "Neither in 2002, nor at any time prior or since, has there been any one at Columbia Sussex to dictate security measures at The Westin Casuarina. The operator of the property, Galleon Beach, is responsible for its own on-site security operations." Plaintiff cites to a string of pages from Mitchel's deposition transcript in an attempt to show that Mitchel himself somehow "dictated" security measures at The Westin

Casuarina, and thus contradicted himself in his Affidavit. If that is Plaintiff's contention (we cannot be certain as Plaintiff's reference is unclear), Plaintiff is mistaken. In his deposition Mitchel acknowledged the use of The Safety and Loss Prevention Manual (hereinafter "the Manual") that suggests standards of general security; he provided the Manual to the General Manager at The Westin Casuarina; and finally, he instructed the General Manager to follow the Manual. Plaintiff, therefore, cannot infer that Mitchel somehow "dictated security measures" by simply providing a manual to The Westin Casuarina that does nothing more than suggest certain security precautions. (See Mitchel Aff. at ¶¶ 31 and 32, "nothing in the Safety and Loss Prevention Manual dictates how on-site security operations are to be performed.")

Paragraph 31 of the Mitchel Affidavit provides that the Manual makes suggestions and recommendations. "It does not mandate action, with the possible exception that incident reports should be made and quarterly inspection safety checklists are recommended to be performed…". On pages 92 and 140 of his deposition transcript, Mitchel states that, in his position as treasurer for Galleon Beach, he instructed the General Manager of The Westin Casuarina to follow the Manual. The Westin Casuarina employees were then instructed to prepare certain incident reports that were to be produced by the General Manager. Instructing an employee to "follow" the Manual and to also create incident reports does not contradict the fact that the Manual merely provides suggestions and recommendations (with the few possible exceptions noted by Mitchel).

Paragraph 32 of Mitchel's Affidavit notes that the Manual does not mandate how on-site security operations are to be performed. The Manual merely offers "suggested security precautions." The General Manager of the hotel would have the responsibility of implementing these recommendations and modifying them to the extent needed. Again, Plaintiff cites to deposition testimony that affirms his Affidavit. Mitchel instructed The Westin Casuarina to

follow the Manual and provided it to the General Manager to implement. From there, Mitchel had little involvement with the compliance of the Manual, with the possible exception of incident reports and quarterly inspections (both of which are noted as exceptions in paragraph 31 of his Affidavit).

Finally, paragraph 36 of the Mitchel Affidavit provides: "The Cayman Islands are a very safe resort destination. No one at Columbia Sussex was ever advised, nor was anyone at Columbia Sussex ever informed of any criminal incidents at The Westin Casuarina or in the surrounding neighborhood such that the safety and security of guests at The Westin Casuarina would have been in jeopardy in 2002 or previously. The incident alleged by the plaintiff in her Complaint was not something which was ever reasonably foreseeable to Columbia Sussex." Plaintiff identifies the deposition testimony of Mitchel to establish that Mitchel was aware of the incident in Louise Reynolds v. Columbia Sussex et al which involved an allegation of sexual misconduct at The Westin Casuarina in 1997. As shown in the Affidavit of Niels Olsen sworn to March 8, 2008 the circumstances of the Reynolds case are entirely inapposite to the allegations before this Court (see Affidavit of Niels Olsen, submitted in Support of Defendants' Motion for Summary Judgment). In Reynolds, the allegations involved three underage minors who were guests of The Westin Casuarina and one employee waiter of the Hotel. The particulars of that incident involved the service of alcohol to the underage guests and the subsequent alleged sexual misconduct within a guest room. (See, Olsen Aff. at ¶18). That isolated incident involved alcohol service policies which were thereafter addressed and new procedures were implemented by Galleon Beach (Id.); and it did not create a reasonable foreseeability of danger "such that the safety and security of guests at The Westin Casuarina would have been in jeopardy in 2002 or previously," as Mitchel attested in his Affidavit. There is no contradiction. That incident did not

create any reasonable foreseeability of a random third-party criminal sexual assault upon a trespasser in the restroom of one of the Hotel's outer buildings, and therefore cannot serve to contradict any statement made by Mitchel in his Affidavit.

There are no contradictions and plaintiff has not provided this Court with any admissible proof refuting Mr. Mitchel's testimony. There is no need for trial.

## CONCLUSION

**FOR ALL THESE REASONS**, Defendants respectfully request that Plaintiff's Motion to Strike Portions of the Affidavit of Theodore Mitchel be denied in its entirety.

Dated: New York, New York
       March 31, 2008

Yours respectfully,

CORRIGAN JOHNSON & TUTOR
141 Tremont Street
Boston, MA 02111
(617) 338-0075

By: *[signature]*
John B. Johnson, #252580

-and-

MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000

Attorneys for Defendants
Columbia Sussex Corporation
Starwood Hotels & Resorts
Worldwide, Inc.
Westin Hotel Management L.P.