UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

KIMBERLY GENEREUX,

            Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., WESTIN HOTEL
MANAGEMENT L.P.

            Defendants.

---

C.A. NO. 05-CV-10879-JLT

**MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF NIELS OLSEN**

Defendants Columbia Sussex Corporation ("Columbia Sussex"), Starwood Hotels and Resorts Worldwide, Inc. ("Starwood") and Westin Hotel Management, L.P. ("Westin") respectfully submit the following Memorandum in Opposition to Plaintiff's Motion to Strike Portions of the Affidavit of Niels Olsen. Plaintiff moves to strike portions of Olsen's Affidavit based upon the alleged use of non-expert opinion testimony in violation of Federal Rule of Evidence 701. Plaintiff's contention is false, and her Motion should therefore be denied in its entirety.

Plaintiff contends that the testimony found in paragraphs 4, 10, 18, and 21-23 of Olsen's affidavit consist of "non-expert opinion testimony concerning the merits of the plaintiff's claim and the meaning and interpretation of various documents and facts which rises to the level of argument and which opines on the factual issues of control and foreseeability to be determined by the jury, in violation of Fed. R. Evid. 701."

Beginning on paragraph 4 of Olsen's Affidavit, he admits to the fact that he was not in the Cayman Islands at the time of Plaintiff's alleged incident (Olsen Aff. at ¶ 4). Pursuant to this fact, Olsen did not have personal knowledge of the specific events that unfolded on May 3, 2002.

Nevertheless, Olsen was employed by The Westin Casuarina on May 3, 2002 as its Director of Security (Olsen Aff. at ¶ 1). Serving in this position, Olsen <u>did</u> have personal knowledge of the Hotel's security policies and procedures. Olsen testifies in his Affidavit accordingly (see Olsen Aff. at ¶ 4, "while I was not a witness to the plaintiff's incident or the events that evening, I am aware of the security operations which were in place at The Westin Cauarina and why the claims which are made by the plaintiff against defendants are simply not true and not supportable").

Based upon his personal knowledge acquired from his employment as a Senior Manager and Director of Security at The Westin Casuarina, Olsen attests to the <u>fact</u> that "The Westin Casuarina developed its own Security Department Procedures and Standards. No other entity dictated how Security was to be performed at The Westin Casuarina." (Olsen Aff. at ¶ 10). Moreover, Olsen had the requisite personal knowledge to testify to the <u>fact</u> that recommendations concerning security from Westin did <u>not</u> control how the employees at The Westin Cauarina would perform on-site security operations (Olsen Aff. at ¶ 10).

Defendants believe it is unnecessary to address Olsen's testimony line-by-line of each paragraph identified by Plaintiff. Suffice it to say that everything stated in Olsen's affidavit represents factual statements made by Olsen based upon his personal knowledge acquired as Director of Food and Beverage (from September 1997 through September 2003) and Director of Security (from 2001 to 2003) at The Westin Casuarina Resort and Spa. (Olsen Aff. at ¶¶ 1, 3). Working in these positions, Olsen has personal knowledge to testify as to each and every statement made in his Affidavit. For instance, Olsen had the personal knowledge as Director of Security to testify that the resort area was safe in 2002 (Olsen Aff. at ¶ 21); and that no one at The Westin Casuarina would have reasonably anticipated a criminal sexual assault where the resort had never before experienced a similar attack or claim (Olsen Aff. at ¶ 22).

Even if the Court were to find that Olsen proffered opinion testimony in his Affidavit as opposed to factual statements, such testimony certainly did not rise to the level of argument and, in any event, merely represented lay opinion based upon his personal knowledge, pursuant to the confines of Federal Rule of Evidence 701.

An affidavit complies with Federal Rule of Civil Procedure 56(e) if it presents evidence which would be admissible at trial. As a general rule, this requires that the affiant have personal knowledge of the information contained in the affidavit. For a detailed explanation, see the Seventh Circuit opinion in Visser v. Packard Engineering Associates, Inc., 924 F.2d 655 (7th Cir. 1991) which provides as follows:

> The proper ground for excluding the affidavits is that witnesses who are not expert witnesses ... are permitted to testify only from their personal knowledge. Testimony about matters outside their personal knowledge is not admissible, and if not admissible at trial neither is it admissible in an affidavit used to support or resist the grant of summary judgment. In fact Rule 56(e) incorporates [Fed. R. Evid. 602] in words as well as by reference, by stating that "supporting and opposing affidavits shall be made on personal knowledge." It is true that "personal knowledge" includes inferences -- all knowledge is inferential -- and therefore opinions. But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.

(Id. at 659) (internal citations omitted). In Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996) and United States v. Doe, 960 F.2d 221 (1st Cir. 1992), the First Circuit cited to the language provided by the court in Visser to explain the admissibility of evidence grounded on personal knowledge and personal inferences. Therefore, as the court explained in Visser, any inference or opinion based upon the personal knowledge of Olsen is also admissible into evidence and should not be stricken from the record.

## CONCLUSION

**FOR ALL OF THESE REASONS**, Defendants respectfully request that Plaintiff's Motion to Strike Portions of the Affidavit of Niels Olsen be denied in its entirety.

*Dated*: March 31, 2008

*Yours respectfully,*

CORRIGAN JOHNSON & TUTOR
141 Tremont Street
Boston, MA 02111
(617) 338-0075

By: /s/ John B. Johnson
John B. Johnson, #252580

-and-

MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000

Attorneys for Defendants
Columbia Sussex Corporation
Starwood Hotels & Resorts Worldwide, Inc.
Westin Hotel Management L.P.

Error! Unknown document property name.

4