UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10879-JLT

| | | |
|---|---|---|
| KIMBERLY GENEREUX, | ) | |
| Plaintiff | ) | |
| | ) | **PLAINTIFF'S REQUEST FOR** |
| v. | ) | **JURY INSTRUCTIONS** |
| | ) | |
| COLUMBIA SUSSEX CORPORATION, | ) | |
| STARWOOD HOTELS & RESORTS | ) | |
| WORLDWIDE, INC., and | ) | |
| WESTIN HOTEL MANAGEMENT, L.P., | ) | |
| Defendants | ) | |

Kimberly Genereux, the plaintiff, hereby moves this Court to instruct the jury in accordance with the following jury instructions. The plaintiff respectfully reserves the right to supplement this Request with additional jury instructions should the proceedings so require.

The Plaintiff,
By her Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA  02109-3504
(617) 227-1848
April 8, 2008

## INSTRUCTION NO. 1

### NEGLIGENCE

It is the plaintiff's claim in this case that the defendants were negligent.  In order to recover, the plaintiff must prove four elements to you:  1) that the defendants owed Kimberly Genereux a duty of care; 2) that the defendants breached that duty of care; 3) that the plaintiff was injured; and 4) that the defendants' breach of their duty of care was a substantial contributing cause of the plaintiff's injuries.  CLERK & LINDSELL ON TORTS (Anthony M. Dugdale, et. als. eds., 19th Edition 2006)(hereafter "CLERK & LINDSELL"), §8-04 at 383; Nolan & Sartorio *Tort Law* in 37 MASS. PRACTICE (2d ed. 1989), §171 at 261-62 (1989).

## INSTRUCTION NO. 2

### NEGLIGENCE

Under the theory of negligence, "[t]he duty [to use reasonable care to prevent injury] is not created by contract, but is an instance of the general human duty not to injure another through disregard of [her] safety." *Carter v. Yardley & Co., Ltd.*, 319 Mass. 92, 97 (1946). *See Attorney General v. Hartwell,* [2004] UKPC 12, 6 [¶20].

## INSTRUCTION NO. 3

### DUTY

In determining whether the conduct of a person constitutes negligence, the chief inquiry is whether or not the person exercised due care or ordinary care.  As to what constitutes due care, the fundamental rule is that the underlying duty in all cases is to exercise that degree of care which the circumstances reasonably require.  *Attorney General v. Hartwell,* [2004] UKPC 12, 6 and 8 [¶21 and ¶25]; *Brady v. The Great Atlantic and Pacific Tea Co.*, 336 Mass. 386 (1957).

## INSTRUCTION NO. 4

### DUTY

A defendant in control of property is obligated to exercise that degree of care for the safety of persons lawfully present upon the property commensurate or proportionate to the possible dangers that might result from lack of such care. *Carter v. Scott's Industries Limited,* 2001 CILR 355, 368; *Slater v. Clay Cross Co., Ltd.,* [1956] 2 Q.B. 264, 269-70, [1956] 2 All E.R. 625, 626-27 (Denning, L.J.);*Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144, 148 (Ont. 1984); *Modbury Triangle Shopping Centre Pty Ltd. v. Anzil,* [2000] HCA 61 (Austl.), 176 A.L.R. 411, 414, 415 [¶9 and ¶17] (Gleeson, CJ), *Id.,* 176 A.L.R. at 436-37 [¶102] (Hayne, J.); *Parsons v. Dwight State Co.,* 301 Mass 324 (1938). *See Attorney General v. Hartwell,* [2004] UKPC 12, 6 and 8 [¶21 and ¶25].

## INSTRUCTION NO. 5

### DUTY OF PERSON IN CONTROL OF PROPERTY

A person in control of property owes a duty to every person lawfully upon his or her property to exercise reasonable care in all the circumstances to maintain his property in reasonably safe condition. *Carter v. Scott's Industries Limited,* 2001 CILR 355, 368; *Slater v. Clay Cross Co., Ltd.,* [1956] 2 Q.B. 264, 269-70, [1956] 2 All E.R. 625, 626-27 (Denning, L.J.); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144, 148 (Ont. 1984); *Modbury Triangle Shopping Centre Pty Ltd. v. Anzil,* [2000] HCA 61 (Austl.), 176 A.L.R. 411, 414, 415 [¶9 and ¶17] (Gleeson, CJ), *Id.,* 176 A.L.R. at 436-37 [¶102] (Hayne, J.); *Mounsey v. Ellard*, 363 Mass. 693, 708 (1973).

### INSTRUCTION NO. 6

### DUTY OF PERSON IN CONTROL OF PROPERTY

"A landowner must act as a reasonable [person] in maintaining [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Mounsey v. Ellard,* 363 Mass. 697, 708 (1973), *quoting Smith v. Arbaugh's Restaurant*, 469 F.2d 97, 100 (D.C. Cir. 1973). *See Carter v. Scott's Industries Limited,* 2001 CILR 355, 368; *Slater v. Clay Cross Co., Ltd.,* [1956] 2 Q.B. 264, 269-70, [1956] 2 All E.R. 625, 626-27 (Denning, L.J.); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144, 148 (Ont. 1984); *Modbury Triangle Shopping Centre Pty Ltd. v. Anzil,* [2000] HCA 61 (Austl.), 176 A.L.R. 411, 414, 415 [¶9 and ¶17] (Gleeson, CJ), *Id.,* 176 A.L.R. at 436-37 [¶102] (Hayne, J.)

## INSTRUCTION NO. 7

## DUTY OF CARE

"[T]he common law imposes on a commercial landowner a duty to take reasonable precautions to protect persons lawfully in common areas of rental property against reasonably foreseeable risks".  *Whittaker v. Saraceno*, 418 Mass. 196, 198 (1994).

## INSTRUCTION NO. 8

## DUTY:  PERSON IN CONTROL OF PROPERTY

A person who exercises control over property owes a duty of care to all persons lawfully thereon even though the defendant does not hold record title to the property.  *Kurtigan v. Worcester*, 348 Mass. 284 (1965); *Skolnick v. East Boston Savings Bank*, 307 Mass. 1 (1940); *Backoff v. Weiner*, 305 Mass. 375 (1940).  "[T]he party in control of premises owes a duty to lawful visitors to keep them in reasonably safe condition".  *Hopkins v. F.W. Woolworth Co.*, 11 Mass. App. Ct. 703, 704 (1981).  *See Mounsey v. Ellard*, 363 Mass. 693, 707 (1973).  "[T]he critical test is who had the right to control the property".  *McIntyre v. Boston Redevelopment Authority,* 33 Mass. App. Ct. 901, 903, *further app. rev. denied,* 413 Mass. 1105 (1992) (rescript).

## INSTRUCTION NO. 9

### EVIDENCE OF CONTROL

In determining whether a defendant exercised control over property such as to obligate it to exercise reasonable care for persons lawfully thereon, you may consider the following factors:

1.    Whether the defendants owned the property;

2.    Whether the defendants had a relationship to the property;

3.    Whether the defendants were identified as being connected to the property;

4.    Whether the defendants maintained insurance for the property;

5.    Whether the defendants identified themselves or permitted others to identify them as being in control of the property;

6.    Whether the defendants took actions which would have been taken by one who believed itself obliged to exercise control over the property. *Perkins v. Rice*, 187 Mass. 28, 30 (1904).

## INSTRUCTION NO. 10

### NEGLIGENCE

Negligence may consist of the failure to guard against the wrongful and even criminal acts of third persons. *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144 (Ont. 1984); *Fund v. Hotel Lenox of Boston, Inc.*, 418 Mass. 191, 192-93 (1994); *Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 793 (1988); *Mullins v. Pine Manor College*, 389 Mass. 47, 62 (1983); *Carey v. New Yorker of Worcester, Inc.*, 355 Mass. 450, 452 (1969); *Bellows v. Worcester Storage Company*, 297 Mass. 188 (1937); *MacQuarrie v. Howard Johnson Co.*, 877 F.2d 126, 131 (1st Cir. 1989) (applying Delaware law); *Jardel Co., Inc. v. Hughes,* 523 A.2d 518 (De. 1987); *Kahane v. Marriott Hotel Corp.,* 249 A.D.2d 164, 672 N.Y.S.2d 55, 56 (1st Dept. 1998) (hotel); *Kukla v. Syfus Leasing Corp.*, 928 F.Supp. 1328, 1334 (S.D.N.Y. 1996); *Waldon v. Housing Authority of Paducah,* 854 S.W.2d 777, 779 (Ky. App. 1991).

## INSTRUCTION NO. 11

## DUTY-FORESEEABILITY

To recover, a plaintiff need only prove that the defendants took a risk with regard to the plaintiff's safety that a person of ordinary prudence would not have taken, and that the plaintiff suffered a resulting injury that was within the foreseeable risk. *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26, 28 (Scot. Sheriff Ct.); *Cimino v. Milford Keg, Inc.*, 385 Mass. 323, 330 (1982); *Foster v. The Loft, Inc.*, 26 Mass. App. Ct. 289, 295 (1988).

## INSTRUCTION NO. 12

### DUTY

A person in possession of real estate open to the public for business purposes owes a duty to a person lawfully on the premises to use reasonable care to prevent injury to her by third persons, whether their acts are accidental, negligent or intentional. *Carter v. Scott's Industries Limited,* 2001 CILR 355, 368; *Slater v. Clay Cross Co., Ltd.,* [1956] 2 Q.B. 264, 269-70, [1956] 2 All E.R. 625, 626-27 (Denning, L.J.); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144, 148 (Ont. 1984); *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Whittaker v. Saraceno*, 418 Mass. 196, 198 (1994); *Carey v. New Yorker of Worcester, Inc.*, 355 Mass. 450, 452 (1969).

## INSTRUCTION NO. 13

## ACTS OF THIRD PERSONS

"The act of a third party does not excuse the first wrong-doer if such act was, or should have been, foreseen." *Mullins v. Pine Manor College*, 389 Mass. 47, 62 (1983). *See Reeves v. Commissioner of Police of the Metropolis,* [1999] 3 W.L.R. 363, 374 (Jauncey, L.), 380 (Hope, L.), 391 (Hobhouse, L.); *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984).

## INSTRUCTION NO. 14

### FORESEEABILITY

In determining whether the assault upon the plaintiff was foreseeable, you must consider all of the circumstances. *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Whittacker v. Saraceno*, 418 Mass. 196, 199 (1994).  Among the evidence you may consider is the existence of prior criminal acts at or within a reasonable vicinity of the Premises.  *See Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Whitaker v. Saraceno*, 418 Mass. at 199; *Fund v. Hotel Lennox of Boston, Inc.*, 418 Mass. 191, 192 and 195 (1994); *Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 792-94 (1988); *Mullins v. Pine Manor College*, 389 Mass. 47, 55-56 (1989).  You may consider the adequacy of security at the

Premises and the cost of additional security. *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144 (Ont. 1984); *Magaw v. Massachusetts Bay Transportation Authority*, 21 Mass. App. Ct. 129, 133 (1985).

## INSTRUCTION NO. 15

### FORESEEABILITY

An act need not actually have been foreseen in order for you to determine that it was foreseeable. That is, you may find that an act was foreseeable to a defendant if you find either that it was foreseen, or in the exercise of reasonable care it should have been foreseen. *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Mullins v. Pine Manor College,* 389 Mass. 47, 55, 62 (1989).

## INSTRUCTION NO. 16

### SUPERSEDING INTERVENING CAUSE

The intervening criminal act of a third party is a superseding cause which breaks the chain of proximate causation only where the original wrongdoer reasonably could not have foreseen such act. *Reeves v. Commissioner of Police of the Metropolis,* [1999] 3 W.L.R. 363, 374 (Jauncey, L.), 380 (Hope, L.), 391 (Hobhouse, L.); *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Copithorne v. Framingham Union Hospital*, 401 Mass. 860, 862 (1988); *Mullins v. Pine Manor College*, 389 Mass. 47, 62-63 (1983).  The test is foreseeability.  *Mullins*, 389 Mass. at 62-63.  Thus, if you find that the criminal assault upon the plaintiff was foreseeable, then that criminal act could not be a superseding intervening cause which breaks the chain of the defendants' negligence.

## INSTRUCTION NO. 17

## DUTY - FORESEEABILITY

Foreseeability turns on an examination of all of the circumstances.  Prior criminal acts are simply one factor among others that establish the foreseeability of the act of a third person.  *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Whittaker v. Saraceno*, 418 Mass. 196, 199 (1994); *Mullins v. Pine Manor College*, 389 Mass. 47, 56 (1983).

## INSTRUCTION NO. 18

## DUTY - ACTS OF THIRD PERSONS

The law is clear that even the acts of third persons, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the original wrongdoer, provided that such act ought to have been foreseen. *Reeves v. Commissioner of Police of the Metropolis,* [1999] 3 W.L.R. 363, 374 (Jauncey, L.), 380 (Hope, L.), 391 (Hobhouse, L.); *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Capthorne v. Framingham Union Hospital*, 401 Mass. 860, 862 (1988); *Mullins v. Pine Manor College*, 389 Mass. 47, 62 (1983); *Jesionek v. Massachusetts Port Authority*, 376 Mass. 101, 105 (1978).

### INSTRUCTION NO. 19

### NEGLIGENCE

In order to be liable for negligence, a defendant need not foresee the precise manner in which an accident results. *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581, 593 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144, 149 (Ont. 1984); *Flood v. Southland Corp.,* 416 Mass. 62, 73 (1993); *Leveillee v. Wright,* 300 Mass. 382 (1938).

## INSTRUCTION NO. 20

### DUTY

A duty voluntarily assumed must be performed with due care.

*Mullins v. Pine Manor College*, 389 Mass. 47, 52 (1983).

## INSTRUCTION NO. 21

### DUTY

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking". *Mullins v. Pine Manor College*, 389 Mass. 47, 53 (1983), *quoting* Restatement (2nd) of Torts, §323 (1965). *See Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984).

## INSTRUCTION NO. 22

## DUTY TO WARN

If you find that the defendants knew or in the exercise of reasonable care should have known of criminal activity at the Premises, then the defendants had a duty to warn the plaintiff of such criminal activity. *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581, 588 (Ont. 1985); *Copithorne v. Framingham Union Hospital*, 401 Mass. 860, 864-866 (1988).

## INSTRUCTION NO. 23

## DUTY TO WARN

The duty to exercise reasonable care involves the duty to warn of danger if the person on whom the duty rests has some reason to suppose that a warning is needed. *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581, 588 (Ont. 1985); *Copithorne v. Framingham Union Hospital*, 401 Mass. 860, 865-66 (1988).

## INSTRUCTION NO. 24

## VICARIOUS LIABILITY

The plaintiff also seeks to hold these defendants liable for the negligence of the Westin Casuarina Hotel & Resort under a theory of vicarious liability.  Vicarious liability arises if Galleon Beach Resort Ltd. acted as the agent of Columbia Sussex Corporation, or of the other defendants, Starwood Hotels & Resorts, Inc., or Westin Hotel Management, L.P.

A principal is responsible for the negligence of its agent if an agency relationship exists and if the agent was negligent while acting within the scope of its agency.  *See Massachusetts Superior Court Civil Practice Jury Instructions*, (MCLE 1998 & 2001 Supp.) §2.1.7, §4.1.6.

In determining whether an agency relationship exists, you may consider a number of factors.  These factors include whether the principal has the right to direct and control the alleged agent's actions, whether the parties believe that they have created a principal-agent relationship, and the financial relationship between the alleged principal and agent.  *See Massachusetts Superior Court Civil Practice Jury Instructions*, (MCLE 1998 & 2001 Supp.) §4.1.6.  The "'control needed to establish the relation of [principal] and [agent] may be very attenuated.... [T]here may even be an understanding that the employer shall not exercise control'".  *Hohenleitner v. Quorem Health Resources, Inc.,* 435 Mass. 424, 431-32 (2001), *quoting*

Restatement (Second) of Agency §220(1) comment d (1958). To establish vicarious liability, "it is not necessary that the [principal] have the right to control the details of the [agent]'s activities or his exercise of judgment in carrying out the master's instructions". *Hohenleitner v. Quorem Health Resources, Inc.,* 435 Mass. 424, 431-32 (2001).

In determining whether the conduct was within the scope of a person's agency, you may take into account whether it was the type of conduct that it was to perform, whether the conduct occurred substantially within the authorized time and space limits, and whether it was motivated, at least in part, by a purpose to serve the principal. *See Massachusetts Superior Court Civil Practice Jury Instructions*, (MCLE 1998 & 2001 Supp.) §2.1.7, §4.1.6; *Dias v. Brigham Medical Associates, Inc.,* 438 Mass. 317, 320 (2002).

## INSTRUCTION NO. 25

### CAUSATION

The plaintiff need not prove that with the use of additional security measures by the defendants, the crime which resulted in her injuries definitely would not have taken place.  The evidence need only show that, the injury probably would not have occurred. *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144, 149 (Ont. 1984); *Fund v. Hotel Lenox of Boston, Inc.*, 418 Mass. 191, 192-93 (1994); *Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 793 (1988); *MacQuarrie v. Howard Johnson Co.*, 877 F.2d 126, 131 (1st Cir. 1989).

## INSTRUCTION NO. 26

### CAUSATION

If you find that the defendants negligently failed to provide adequate security, you would be warranted in finding that the defendants' negligence was a substantial contributing cause of the plaintiff's injuries if proper security would have been designed to prevent harm of the same general character as that which occurred to Kimberly Genereux. *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144 (Ont. 1984); *Fund v. Hotel Lenox of Boston, Inc.*, 418 Mass. 191, 192-93 (1994); *Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 794 n.8 (1988).

## INSTRUCTION NO. 27

### CAUSATION

A plaintiff need only show that a particular defendant's actions were a substantial factor contributing to the plaintiff's injuries to satisfy the plaintiff's burden of proving proximate causation. *Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6, 14 (1983).

## INSTRUCTION NO. 28

### CAUSATION

The law recognizes that there can be more than one legal cause of any injury.  The law also recognizes that there can be one negligent actor and one intentional actor who together legally or proximately cause a person's injury.  Thus, when a criminal intentionally acts to cause harm to an individual and another actor negligently fails to take reasonable measures to deter or to prevent the injury, each actor may be a substantial contributing cause of the plaintiff's injury.  *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.*, 6 D.L.R. 4th 144 (Ont. 1984); *Flood v. Southland Corporation*, 416 Mass. 62, 71-73 (1993); *Sharpe v. Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 793-94 (1988).

## INSTRUCTION NO. 29

### CAUSATION

You are not required to find that the defendants' conduct was the only cause of the plaintiff's injuries in order to find the defendants liable to the plaintiff, as long as you find that the defendants' conduct was a substantial factor in bringing about the harm. *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984); *Michnik-Zilberman v. Gordon's Liquor, Inc.,* 390 Mass. 6, 14 (1983); *Tritsch v. Boston Edison Company,* 363 Mass. 129 (1973).

## INSTRUCTION NO. 30

## CAUSATION

The plaintiff is not required to prove her case beyond a reasonable doubt. She is not required to eliminate entirely all possibility that the defendants' conduct was not a cause of her injuries. It is enough that she introduces evidence from which reasonable persons may conclude that it is more probable that her injuries were caused by the defendants than that they were not. The fact of causation is incapable of mathematical proof, since no person can say with absolute certainty what would have occurred if the defendants had acted otherwise. If, as a matter of ordinary experience, a particular act or omission might be expected to produce a particular result, and if that result has in fact followed, the conclusion may be justified that the causal relation exists. In drawing that conclusion, the triers of fact are permitted to draw upon ordinary human experience as to the probabilities of the case. Thus, when a child has drowned in a swimming pool, no one can say with absolute certainty that a lifeguard would have saved her; but the common experience of the community permits the conclusion that the guard would more probably than not have done so, and, hence, that the absence of the guard has played a substantial part in bringing about the death of the child. Such questions are for the jury to decide. Restatement of Torts, 2d, §433B (1), Comment (b).

## INSTRUCTION NO. 31

### EXACT CAUSE OF INJURY

The plaintiff is not required to present the exact cause of her injury nor is she required to exclude all possibility that her injuries occurred without fault on the part of the defendants. The plaintiff needs only prove that the harm that befell her is more likely due to the negligence of the defendants than to any other likely cause. *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581, 593 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144, 149 (Ont. 1984); *Woronka v. Sewall*, 320 Mass. 362 (1946).

## INSTRUCTION NO. 32

### PROXIMATE CAUSE

If you find that the defendants' conduct was a substantial factor in bringing about the plaintiff's harm, then you may find that the defendants were the legal cause of the plaintiff's injury. *Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6, 14 (1983); *Tritsch v. Boston  Edison Co.*, 363 Mass. 179, 181-182 (1973); Restatement (Second) of Torts, §431 (a).  You are not required to find that the defendants' conduct was the only cause of the plaintiff's injuries in order to find the defendants liable to the plaintiff, as long as you find that the defendants' conduct was a substantial factor in bringing about the harm. *Michnik-Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. at 14; *Tritsch v. Boston Edison Company*, 363 Mass. at 182.

## INSTRUCTION NO. 33

### CAUSATION

The law recognizes that there can be more than one cause to produce an injury, and more than one person legally responsible for it. Where two or more causes combine to produce injuries or death, a defendant is not relieved of liability because it is responsible for only one of such causes. *Horne v. Meakin*, 115 Mass. 326 (1874); *Sherman v. Fall River Irons Works*, 87 Mass. 213 (1862). *See Reeves v. Commissioner of Police of the Metropolis,* [1999] 3 W.L.R. 363, 374 (Jauncey, L.), 380 (Hope, L.), 391 (Hobhouse, L.); *Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.); *Stansbie v. Troman,* 1948 2 K.B. 48 (Eng. C.A.); *Thomas Graham & Co. Ltd. v. The Church of Scotland General Trustees,* [1982] S.L.T. 26 (Scot. Sheriff Ct.); *Jeffrey v. Commodore Cabaret Ltd.,* 13 B.C.L.R. 3d 149 (B.C. Sup. Ct. 1995); *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581 (Ont. 1985); *Allison v. Rank City Wall Canada Ltd.,* 6 D.L.R. 4th 144 (Ont. 1984).

<u>INSTRUCTION NO. 34</u>

<u>CAUSATION</u>

Under a negligence count, "the accident must be caused by the negligent act of the defendant; but it is not necessary that the consequences of the negligent act of the defendant should be foreseen by the defendant.  It is not necessary that either the plaintiff or the defendant should be able to foresee the consequences of the negligence of the defendant in order to make the defendant liable".

"...[I]t is not necessary that injury in the precise form in which it in fact resulted should have been foreseen.  It is enough that it now appears to have been a natural and probable consequence."  *Hill v. Winsor*, 4 Lathrop (118 Mass.) 251, 257 & 259 (1875).  *See also Marshall v. Rubypoint Ltd.,* [1997] EWCA 898 (Eng. & Wales C.A.; *Q v. Minto Management Ltd.,* 15 D.L.R. 4th 581, 593 (Ont. 1985).

## INSTRUCTION NO. 35

### COMPENSATORY DAMAGES

You must fix the amount of money damages which will reasonably and fairly compensate the plaintiff for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.  Among the elements of injury and harm which you should consider are the following:

(1)  The loss of past and present earning capacity and the impairment of future earning capacity.  Even when a person does not lose wages because his pay is continued by his employer as a gratuity or as compensation for disability, that person may nevertheless recover damages for impairment of earning capacity. A person's earning capacity may be greater than the amount of the wages he is earning in the job that he has at the time of the incident which caused him injury.

(2)  The physical harm to the plaintiff during and after the impairment, including ill health, physical pain and suffering, disability, loss of function, disfigurement, and discomfort, and any such physical pain and suffering, disability, loss of function, and discomfort which the plaintiff will, with reasonable probability, suffer in the future.

(3)  The emotional and mental harm to the plaintiff during and after the incident, including fear, nervous shock, anxiety, embarrassment, humiliation, and mental anguish, and any emotional harm, fear, nervous shock, anxiety, embarrassment, humiliation,

or mental anguish that the plaintiff will, with reasonable probability, suffer in the future.

(4)  The reasonable expense of medical care, treatment, and services required and received by the plaintiff in connection with his physical and psychological injuries, including expenses reasonably required to diagnose and treat any condition brought on by the defendant's negligence, to alleviate suffering, and to control disabilities related to the defendant's negligence, and the expenses for medical care, treatment, and services that reasonably will be incurred in the future.

(5)  The extent and duration of the injuries, including their continuation in the future and whether they are permanent.

(6)  "[T]he extent to which the plaintiff's injuries have caused [her] a loss of pleasures which he otherwise probably would have had in the form of work or play or family life or whatever.  The plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude has resulted or probably will result" from the defendant's negligence.

*See Massachusetts Superior Court Civil Practice Jury Instructions*, (MCLE 1998 & 2001 Supp.) §2.1.13; Restatement (Second) of Torts, §431; *Doherty v. Ruiz,* 302 Mass. 145, 146 (1939); *Carey v. General Motors Co.*, 377 Mass. 736 (1979); *Kerr v. City of Chicago*, 424 F.2d 1134, 1141 (7th Cir. 1970); *Guzman v. Western State Bank*, 540 F.2d 948 (8th Cir. 1976); *Seaton v.*

*Sky Realty Co.*, 491 F.2d 634 (7th Cir. 1974).

## INSTRUCTION NO. 36

### DAMAGES

The defendants are liable for all of the plaintiff's pain and suffering, medical expenses in the past, present and in the future, and loss of earning capacity, as a result of the defendants' negligent acts. *Wallace v. Ludwig*, 292 Mass. 251 (1935).

The plaintiff cannot come back years or even months from now and ask for additional money for problems which she will experience in the future. You must, therefore, include in your award now any money you feel she will be entitled to in the future for her injuries and suffering. *Cuddy v. L&M Equipment Co.*, 352 Mass. 458 (1967); *Stella v. Curtis*, 348 Mass. 458 (1965); *Lewis v. Springfield*, 261 Mass. 183 (1927).

## INSTRUCTION NO. 37

### DAMAGES

You have the right to consider the extent to which the plaintiff's injuries have caused her a loss of pleasure which she probably otherwise would have had.  In the form of family life or play or work or whatever, the plaintiff is entitled to full compensation for any diminution in the enjoyment of life which you conclude has resulted or probably will result from her injuries.  *Carey v. General Motors Co.*, 377 Mass. 736 (1979).

**INSTRUCTION NO. 38**

**DAMAGES**

In cases where damages are awarded, the law prescribes
no definite measure of damages but leaves that matter to be fixed
by you, as your wisdom, judgment and sense of basic justice
dictate is fair, adequate, and just, considering all the
circumstances and evidence.  The purpose of the law in awarding
damages is to compensate an injured person for the losses
incurred because of another person's negligent conduct.  The
object is to try to restore the person to the position she would
have been in had the wrong not occurred.  It is not necessary
that any witness should have expressed an opinion as to the
amount of the damages, but it is for you, the jury, to determine
the amount of such damages.  This finding should be based on all
the facts and circumstances revealed by the evidence, and the
consideration of them in connection with your own knowledge and
experience in the affairs of life, in order to fairly,
adequately, and justly compensate the plaintiff for his loss and
damages.  *See Massachusetts Superior Court Civil Practice Jury
Instructions*, (MCLE 1998 & 2001 Supp.) §2.1.13.

## INSTRUCTION NO. 39

### DAMAGES

Defendants are responsible for all of the reasonably foreseeable consequences of their acts.  If the plaintiff made an honest effort to get treatment for injuries she sustained as a result of the conduct of the defendants and used due care in obtaining medical treatment, the defendants remain responsible for any injuries that resulted to the plaintiff from the defendants' conduct, even if such injuries were aggravated by the failure of medical treatment.  *Gray v. Boston Elevated Railway*, 215 Mass. 143, 147 (1913); Restatement (2d) Torts, §457 (1965).

## INSTRUCTION NO. 40

## CAUSATION - DAMAGES

Defendants who are negligent must take their victims as they find them.  If you find that the plaintiff had a pre-existing condition, and, as a result of injuries which she received because of the defendants' conduct, that condition was aggravated or made worse, then the defendants are liable for the aggravation of that condition.

If the defendants' negligence causes a physical injury which results in emotional disturbance, then they are liable for such emotional distress, and any further bodily harm resulting from such emotional problem.

*Pierce v. Nawn*, 5 Mass. App. Ct. 224, 225-226, (1977); Nolan & Sartorio, *Tort Law* in 37 MASS. PRACTICE (2d ed. 1989), §228, at 389-90.

## INSTRUCTION NO. 41

### COMPARATIVE NEGLIGENCE

Comparative negligence refers to negligence by the plaintiff which is a substantial cause of the plaintiff's injuries.

The plaintiff is presumed by law to have been in the exercise of due care at the time of the accident. G.L. c. 231, §85. The defendants have the burden of overcoming that presumption, and proving to you that the plaintiff was negligent, and that her negligence was the proximate cause of her injuries. *Id.*

If the defendants satisfy this burden, then you must determine the percentage of the plaintiff's negligence, as compared to the defendants' negligence.

If the plaintiff was negligent, she may still recover, so long as the percentage of her negligence is not greater than the defendants' negligence. G.L. c. 231, §85. Her award will be reduced by the percentage of negligence you allocate to her. G.L. c. 231, §85.

For example, assuming that you awarded the plaintiff $10,000,000 (a number which I picked only because it is round, and which has no other significance), if you find that the plaintiff is 1% negligent, her award is reduced to $9,900,000. If you find that the plaintiff is 50% negligent, then her award is reduced to $5,000,000.00. But, if you find that the plaintiff is more than 50% negligent, she will not recover anything.

There are two things which you should remember:  first, the fact that I have instructed you on comparative negligence does not mean that you have to find that the plaintiff was negligent. You should do so only if the evidence satisfies you that she was negligent.  Secondly, do not make any deductions from the damages which you award the plaintiff because of comparative negligence. If you award damages, you should determine the full amount due to the plaintiff without any deductions.  The Court will make the deductions, if it is appropriate to do so.

See *Dilaveris v. W.T. Rich Company, Inc.*, 424 Mass. 9, 13-15 (1996); *Flood v. Southland Corp.*, 33 Mass. App. Ct. 287, 300-302 (1992), *vacated on other grounds*, 416 Mass. 62, 64 n. 2 (1993). G.L. c. 231, §85.

## INSTRUCTION NO. 42

### BIAS

Several of the witnesses are officers or employees of the defendants, and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the defendants, now or in the past, is a matter for you to consider, together with your observation of the witnesses and their testimony, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony. You are at liberty to disbelieve the testimony of such witnesses, even though it is not otherwise impeached or contradicted.

## INSTRUCTION NO. 43

### CIVIL ACTION

This is an action brought to recover damages for injuries sustained by the plaintiff, Kimberly Genereux.  This is a purely civil matter.  In order for a plaintiff to recover in an action of this type, she must prove only that the defendants did not conform to the reasonable standard required of them by the law and that the plaintiff suffered harm as a result.  Even if the jury finds that the defendants' motives were of the best, this in no way bars the plaintiff's recovery.

## INSTRUCTION NO. 44

### BURDEN OF PROOF

The burden is on the plaintiff in a civil action, such as this, is to prove the elements of her claim by what is termed a "preponderance of the evidence".

To establish something by a preponderance of the evidence means to prove to the jury's satisfaction that something is more likely so than not so.  It is as though there are evenly balanced scales, such that, if the plaintiff can tip the scales even slightly in her favor, then the plaintiff will prevail.

This is not a criminal case, and so the elements of the plaintiff's claim need not be proven "beyond a reasonable doubt". *Sargeant v. Mass. Acid Co.*, 307 Mass. 246, 250 (1950); *Zezuski v. Jenny Manufacturing Co.*, 363 Mass. 329, 393 (1973).

## INSTRUCTION NO. 45

### PREPONDERANCE OF THE EVIDENCE

In a civil action, like this one, the burden of proof is on the plaintiff to prove every essential element of her claim by a fair preponderance of the evidence.

To establish something by a "preponderance of the evidence" means simply to prove that something is more likely than not to be so.

A fair preponderance of the evidence does not mean that the plaintiff has to call more witnesses or produce a greater volume of evidence than the defendants.  Whether there is a fair preponderance of the evidence is determined by the quality of the evidence.  You must ask yourselves - is it more believable -- is it more trustworthy -- is it more accurate -- than evidence produced by the defendants.

The plaintiff needs only to prove her case by a preponderance of the evidence; she need not prove the case beyond a reasonable doubt, as is necessary in a criminal prosecution.

On the civil side of the court, we deal in terms of probabilities -- that a thing is more likely so than not so, or that a thing is more probable than not, and we do not deal with certainties.

## INSTRUCTION NO. 46

### EXPERT OPINION TESTIMONY

Experts are allowed to come in and express opinions as an aid to you in arriving at the truth, and they are clothed in the same garments of as the average witnesses that appear before you. You can believe all of their testimony; you can believe part of it and disbelieve part of it; or you can disbelieve all of the experts' testimony, just as you can with respect to every other witness that comes before you and testifies.  *MacQuarrie v. Howard Johnson Co.,* 877 F.2d 126, 129 (1st Cir. 1989); *Potter v. John Bean Division of Food Machinery & Chemical Corp.*, 344 Mass. 420, 426-27 (1962).

## <u>INSTRUCTION NO. 47</u>

### <u>EVIDENCE PROPERLY CONSIDERED</u>

You may properly consider any admissions of the defendants or their agents in this action which show their carelessness or negligence whether by deposition testimony, testimony on the witness stand, interrogatory answers, or by evidence in any records.

## INSTRUCTION NO. 48

### PLAINTIFF NOT A TRESPASSER

Persons who enter property lawfully are not trespassers, even if they veer unintentionally or reasonably from public access routes, such as for purposes of using lavatory facilities. *Gould v. McAuliffe,* [1941] 2 All E.R. 527, 528 (C.A.) (affirming award to plaintiff who entered unlocked gate leading into private yard in incorrect belief that path led to lavatory); *Public Transport Commission of New South Wales*, [1975-1976] 137 C.L.R. 107. "A wandering child or a straying adult stands in a different position from a poacher or a burglar." *Veinot v. Kerr-Addison Mines Ltd.,* 51 D.L.R. 3d 533, 551 (Can. 1974) (Dickson, J.), *quoting Pannett v. McGuinness & Co., Ltd.* [1972] 3 W.L.R. 387, 390-91 (Denning, L.). *See also Hopkinson v. Chicago Transit Authority*, 211 Ill. App.3d 825, 156 Ill. Dec. 240, 570 N.E.2d 716, 725 (1991) (deeming it "unjust" and "ignor[ing] the circumstances surrounding this brutal crime" to deem rape victim anything other than an invitee where she entered train station but was dragged out by rapist and into different area of station where she was raped); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 549 (Tex. 1985) (reversing summary judgment and holding it unnecessary to determine status of ten year old rape victim who was dragged into defendant's vacant, unsecured building and raped) and 554 (Spears, J., *concurring*)(calling it "manifestly unjust to classify [victim] as a trespasser").

## INSTRUCTION NO. 49

### [ALTERNATIVE:]  DUTY OWED TO TRESPASSER

Even if you were to find that Ms. Genereux was a trespasser, a person in control of property owes a duty "of common humanity" to "trespassers" "to take into account all the circumstances of the case and see then whether the occupier ought to have done more than he did". *Veinot v. Kerr-Addison Mines Ltd.,* 51 D.L.R. 3d 533, 551 (Can. 1974)(Dickson, J.).

> [T]he question whether an occupier is liable in respect of an accident to a trespasser on his land would depend on whether a conscientious humane man with his knowledge, skill and resources could reasonably have been expected to have done or refrained from doing before the accident something which would have avoided it.

*Id.,* at 550 (Dickson, J.), *quoting British Railways Board v. Herrington,* [1972] A.C. 877, 899 (Reid, L.).

<u>**CERTIFICATE OF SERVICE**</u>

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

John B. Johnson, Esquire       Robert J. Brown, Esquire
Corrigan, Johnson & Tutor, P.A.   Mendes & Mount, LLP
141 Tremont Street           750 7th Avenue
Boston, MA 02111; and        New York, NY  10019-6829.


                   <u> s/ Mark F. Itzkowitz </u>
                   MARK F. ITZKOWITZ (BBO #248130)

Dated:  April 8, 2008