UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

KIMBERLY GENEREUX,

               Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION       C.A. NO. 05-CV-10879-JLT
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., WESTIN HOTEL
MANAGEMENT L.P.

               Defendants.

---

## DEFENDANTS' MOTION TO PRECLUDE
## POST-INCIDENT EVIDENCE

Defendants move in limine to preclude the use of or mention of any evidence or actions occurring at The Westin Casuarina Resort and Spa (hereafter "The Westin Casuarina") on May 3, 2002 after Plaintiff's alleged sexual assault. Evidence from events occurring after Plaintiff's alleged assault is irrelevant, and its use would only serve to prejudice Defendants.

### Discussion

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The federal rules continue to provide that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Plaintiff alleges she was sexually assaulted on the evening of Friday, May 3, 2002 in a restroom of the Spa located at The Westin Casuarina. Plaintiff alleges that Defendants owed a duty to Plaintiff to exercise reasonable care in the operation of The Westin Casuarina in order to safeguard Plaintiff while she was lawfully on the Premises. (Plaintiff's Second Amended Complaint ¶ 62). Plaintiff further alleges that Defendants breached this duty by and through

their "negligent security practices." (See Plaintiff's Second Amended Complaint at ¶ 63 for the specific allegations). Plaintiff will certainly introduce evidence of the events and actions occurring on May 3, 2002, including those events leading up to Plaintiff's alleged assault. However, Plaintiff might also introduce evidence illustrating how Plaintiff claims to have been treated by employees of The Westin Casuarina following her alleged assault. Such evidence is irrelevant as it postdates the time of the alleged incident and does not involve employees of Defendants.

Evidence of actions occurring after Plaintiff's alleged assault cannot tend to prove Defendants' alleged negligent security, as there is no casual relationship of those actions to Defendants' alleged negligence. No action by employees of The Westin Casuarina following the alleged assault could have prevented the alleged assault from occurring.

Moreover, the actions and events occurring after Plaintiff's alleged assault pertain specifically to employees of The Westin Casuarina, and not to employees of any Defendants. Plaintiff has produced no evidence to suggest that any employees of Defendants were on the property of The Westin Casuarina on May 3, 2002. The actions of employees at The Westin Casuarina are irrelevant to the alleged negligence of Defendants. Therefore, to allow Plaintiff to use or mention evidence of events occurring after her alleged assault in an attempt to prove or suggest negligence <u>prior</u> to the incident is wholly improper and would only serve to confuse the jury and prejudice Defendants.

## CONCLUSION

**FOR ALL OF THESE REASONS,** Defendants respectfully request this Court to preclude the use of or mention of any evidence or actions occurring at The Westin Casuarina after Plaintiff was allegedly assaulted on May 3, 2002.

Error! Unknown document property name.

Dated: April 8, 2008

Yours respectfully,

CORRIGAN JOHNSON & TUTOR
141 Tremont Street
Boston, MA 02111

By: *[signature]*
John Johnson

-and-

Robert J. Brown (RB7619)
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000

Attorneys for Defendants
Columbia Sussex Corporation
Starwood Hotels & Resorts
Worldwide, Inc.
Westin Hotel Management, L.P.

Error! Unknown document property name.