UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
------------------------------------------------

KIMBERLY GENEREUX,

                    Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION       C.A. NO. 05-CV-10879-JLT
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., WESTIN HOTEL
MANAGEMENT L.P.
                    Defendants.
------------------------------------------------

## DEFENDANTS' MOTION TO PRECLUDE THE USE OF KEPPNER V. GALLEON BEACH

Defendants move in limine to preclude the use of depositions, pleadings and other documents from the case of Keppner v. Galleon Beach. The use of testimony, pleadings and other documents of the Keppner case represents inadmissible hearsay, is unduly prejudicial to Defendants, and will confuse the jury.

### Discussion

Plaintiff has attempted to introduce deposition testimony from the matter in Keppner v. Galleon Beach Resort, Ltd., et. als., Index No. 011724/2003 (N.Y. Sup. Ct., Erie County) into the record by citing to this testimony in her Memorandum in Opposition to Defendant's Motion for Summary Judgment and by annexing excerpts of deposition transcripts to the affidavit of Plaintiff's counsel submitted in support of her Opposition. (See Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment at p. 7).

Under Federal Rule of Evidence 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." The exceptions to which Rule 802 refers are identified in Rules 803 and

804. Under Federal Rule of Evidence 804(b)(1), a party may offer into evidence the testimony of a witness taken in a deposition of another proceeding *only where* (1) the declarant is unavailable as a witness in the current proceeding,[1] *and* (2) "the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). Theodore Mitchel is not only available; he testified in this case on September 7, 2007 and has provided 211 pages of sworn deposition testimony.[2] Moreover, Plaintiff has not properly described the issues of the previous matter to establish whether Defendants had an opportunity and similar motive to develop the testimony.

Finally, introducing evidence out of context from a separate case will only serve to confuse the jury.

## CONCLUSION

**FOR ALL OF THESE REASONS**, Defendants respectfully request this Court to preclude the use of deposition testimony, pleadings and other documents, or mention of, the Keppner v. Galleon Beach case at trial, and to strike the testimony already introduced from the record.

---

[1] A declarant is "unavailable" to testify if (1) he cannot testify due to an asserted privilege; (2) he refuses to testify on the subject matter of the offered testimony; (3) he testifies to a lack of memory; or (4) he fails to attend the hearing and cannot be called to the stand to testify in the instant matter. Fed. R. Evid. 804(a).

[2] Kellie Ann Lowell, a former employee at The Westin Casuarina in 1998, was never asked to testify in this action and therefore never "refused to testify".

Error! Unknown document property name.

Dated: April 8, 2008

Yours respectfully,

CORRIGAN JOHNSON & TUTOR
141 Tremont Street
Boston, MA  02111

By: _____
John Johnson

-and-

Robert J. Brown (RB7619)
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000

Attorneys for Defendants
Columbia Sussex Corporation
Starwood Hotels & Resorts
Worldwide, Inc.
Westin Hotel Management, L.P.

Error! Unknown document property name.