UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY GENEREUX,<br>        Plaintiff,<br><br>v.<br><br>COLUMBIA SUSSEX CORPORATION,<br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC., and WESTIN<br>HOTEL MANAGEMENT, L.P.<br>        Defendants. | )<br>)<br>)<br>)<br>)    C.A. NO. 05-CV-10879-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION IN LIMINE REGARDING TESTIMONY OF DR. DAVID CHAPIN

The defendants move in limine to bar the testimony at trial of Dr. David Chapin, a medical expert expected to be called by the plaintiff.

In support of this motion, the defendants say that Dr. Chapin has treated the plaintiff for a physical injury allegedly suffered by the plaintiff when she was sexually assaulted in May, 2002. Dr. Chapin first examined the plaintiff on February 22, 2008 when he found that she suffered from an anterior rectocele causing incomplete rectal emptying. On February 22, 2008, plaintiff's counsel for the first time notified the defendants that the plaintiff was attributing this condition to the sexual assault. Dr. Chapin wrote a report on February 29, 2008 regarding the plaintiff's condition, and that report was provided to the defendants on or about March 3 or 4, 2008 providing the defendants for the first time with information regarding Dr. Chapin's exam, findings and opinions.

The defendants submit that the late notice of this alleged physical injury is so unfairly prejudicial to them that Dr. Chapin should not be permitted to testify. The

sexual assault is alleged to have occurred in May, 2002; this case was entered in court in 2005; discovery, including the production of medical records and the plaintiff's deposition, was completed without any reference by the plaintiff to this physical injury – despite the fact that Dr. Chapin's report states that the plaintiff has suffered increasingly serious symptoms since the assault; and no mention of the condition or of Dr. Chapin was made at the January 30, 2008 pre-trial conference. By the time the report was received, the defendants had no opportunity to conduct any discovery regarding the plaintiff's condition or to arrange to have the plaintiff examined.

Because of the unfair and undue prejudice caused by the late notice of the plaintiff's alleged physical injury and Dr. Chapin's treatment, the defendants submit that the plaintiff should be barred from calling Dr. Chapin to testify.

The defendants
by their attorneys,

*John B. Johnson*

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

*Robert J. Brown (JJJ)*

Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

Error! Unknown document property name.