UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

KIMBERLY GENEREUX,

              Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION     C.A. NO. 05-CV-10879-JLT
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., WESTIN HOTEL
MANAGEMENT L.P.

              Defendants.

---

## DEFENDANTS' MOTION TO PRECLUDE THE USE OF REYNOLDS V. COLUMBIA SUSSEX

Defendants move in limine to preclude the use of deposition testimony, pleadings and other documents, or mention of, the Reynolds v. Columbia Sussex case. The use of testimony, pleadings and documents of the Reynolds case represents inadmissible hearsay, is unduly prejudicial to Defendants, will confuse the jury, and will violate a Protective Order of the United States District Court for the Eastern District of Kentucky entered on or around September 9, 1997.

### Discussion

Plaintiff has attempted to introduce deposition testimony from the matter in Reynolds v. Westin Hotel Company, et. als., U.S.D.C., E.D. KY Case No. 97-77 (March 16, 1998) into the record by citing to this testimony in her Memorandum in Opposition to Defendants' Motion for Summary Judgment and by annexing excerpts of deposition transcripts to the affidavit of Plaintiff's counsel submitted in support of her Opposition. (See Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment at pp. 13, 14, 16, and 19).

Under Federal Rule of Evidence 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." The exceptions to which Rule 802 refers are identified in Rules 803 and 804. Under

**Error! Unknown document property name.**

Federal Rule of Evidence 804(b)(1), a party may offer into evidence the testimony of a witness taken in a deposition of another proceeding *only where* (1) the declarant is unavailable as a witness in the current proceeding,[1] *and* (2) "the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). Theodore Mitchel is not only available; he testified in this case on September 7, 2007 and has provided 211 pages of sworn deposition testimony.[2] Moreover, Plaintiff has not described the issues of the previous matter to determine whether Defendants had an opportunity and similar motive to develop the testimony, nor has Plaintiff identified exactly which Defendants appeared in the previous matter (in addition to the obvious party, Columbia Sussex, as identified in the caption of the case). As a matter of fact, Defendant Starwood was not a party to the Reynolds case, and therefore did not have an opportunity to defend the positions and testimony given therein.

Not only is this testimony inadmissible hearsay but its production appears to be in direct violation of a protective order of the United States District Court for the Eastern District of Kentucky. The protective order, signed by the District Court judge on September 17, 1997, is annexed hereto as Exhibit A. The order provides that any material designated as "Confidential Information" shall not be disclosed to any person, besides those people specifically listed in the order. Any document or testimony marked with the designation "Confidential Information" or "Confidential" is subject to the protective order. (Exhibit A at ¶ 2). The caption of the deposition transcript of Theodore Mitchel in the Reynolds action clearly provides that the transcript is "Confidential – Testimony Contained Herein Subject to Protective Order and Should Be Filed Under Seal." Therefore, Plaintiff should never have

---

[1] A declarant is "unavailable" to testify if (1) he cannot testify due to an asserted privilege; (2) he refuses to testify on the subject matter of the offered testimony; (3) he testifies to a lack of memory; or (4) he fails to attend the hearing and cannot be called to the stand to testify in the instant matter. Fed. R. Evid. 804(a).

[2] Kellie Ann Lowell, a former employee at The Westin Casuarina in 1998, was never asked to testify in this action and therefore never "refused to testify," and any attempt to introduce her deposition testimony should be precluded.

Error! Unknown document property name.

introduced the testimony into the record, and having done so, the Court should strike the testimony as it remains subject to the protective order.

Finally, Defendants will be prejudiced if testimony and documents from the Reynolds action is admitted into the record, as Defendants have had little time to examine and respond to these documents which are unrelated to the Genereux case. Moreover, introducing evidence out of context from a separate case will only serve to confuse the jury.

## CONCLUSION

**FOR ALL OF THESE REASONS**, Defendants respectfully request this Court to preclude the use of deposition testimony, pleadings and other documents, or mention of, the Reynolds v. Columbia Sussex case at trial, and to strike the testimony already introduced from the record.

*Dated*: April 8, 2008

*Yours respectfully,*

CORRIGAN JOHNSON & TUTOR
141 Tremont Street
Boston, MA 02111

By: /s/ John Johnson
John Johnson

-and-

Robert J. Brown (RB7619)
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000

Attorneys for Defendants
Columbia Sussex Corporation
Starwood Hotels & Resorts Worldwide, Inc.
Westin Hotel Management, L.P.

Error! Unknown document property name.