UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY GENEREUX,
Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION, STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and WESTIN HOTEL MANAGEMENT, L.P.
Defendants.

C.A. NO. 05-CV-10879-JLT

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51 of the Fed. R. Civ. P. defendants respectfully request that the court charge the jury with the following instructions:

The defendants,
by their attorneys

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

Robert J. Brown
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

1. **Requirements of the tort of negligence.** There are four requirements , namely:

(1) the existence in law of a duty of care situation, *i.e.* one in which the law attaches liability to carelessness. There has to be recognition by law that the careless infliction of the kind of damage in question on the class of person which the claimant belongs by the class of person to which the defendant belongs is actionable;

(2) breach of the duty of care by the defendant, *i.e.* that he failed to measure up to the standard set by law;

(3) a causal connection between the defendant's careless conduct and the damage;

(4) that the particular kind of damage to the particular claimant is not so unforeseeable as to be too remote.

Clerk & Lindsell on Torts, 19th Edition at 8-04 (2006)

2. Negligence as a basis of liability is founded on the impersonal ("objective") standard of how a reasonable person should have acted in the circumstances. Shortfall from this standard of conduct does not always give rise to legal liability. In order to elucidate the circumstance in which shortfall will give rise to liability the courts have fashioned several concepts, such as "duty of care". This familiar phrase is legal shorthand. Expressed more fully, a duty of care is a duty owed in law by one person or class of persons to another particular person or class of persons. The duty comprises an obligation to take reasonable care to ensure that the person or persons to whom the duty is owed do not suffer a particular type or types of damage. Thus drivers of cars owe, among other duties, a duty to other road users to take reasonable care to avoid inflicting personal injury on the latter.

The Attorney General v. Craig Hartwell, [2004] UKPC 12, ¶20

3. In order to be successful in a negligence action, a Plaintiff must establish that the Defendant has a duty of care which is owed to the Plaintiff and that that duty of care has been breached. The imposition of such a duty arises from a combination of factors, namely the reasonable foreseeability of risk of injury, the requisite proximity between the parties, and the absence of any statutory provision or common law which precludes a duty of care in the circumstances. All three considerations must be satisfied if a duty is to be imposed by the law.

Donoghue v. Stenvenson, [1932] A.C. 562; [1932] All E.R. Rep 1; H.L. (S).
Le Lievre v. Gould, [1893] 1 Q.B. 491 C.A. (E).
Anns v. Merton Borough Council, [1978] A.C. 728; [1977] 2 All E.R. 492; H.L. (E).

4. Speaking generally, one of the necessary prerequisites for the existence of a duty of care is foresight that carelessness on the part of the defendant may cause damage of a particular kind to the plaintiff. Was it reasonably foreseeable that, failing the exercise of reasonable care, harm of the relevant description might b suffered by the plaintiff or members of a class including the plaintiff? "Might be suffered" embraces a wide range of degrees of possibility, from the highly probable to the possible but highly improbable.

The Attorney General v. Craig Hartwell, [2004] UKPC 12, ¶21

5. The criterion of reasonable foreseeability focuses on the knowledge that someone in the defendant's position would be expected to possess. The greater the awareness of the potential for harm, the more likely it is that this criterion will be satisfied. If the risk of harm is farfetched, a duty will not arise.

Clerk & Lindsell on Torts, 19th Edition at 8-16 (2006)

6. There must be reasonable foreseeability of a risk which a reasonable person would not ignore. The risk must be "real" in the sense that a reasonable person "would not brush [it] aside as far-fetched".

The Attorney General v. Craig Hartwell, [2004] UKPC 12, ¶21

7. The more unpredictable the conduct in question, the less easy to affirm that any particular result from it is probable and in many circumstances the only way in which a judge could properly be persuaded to come to the conclusion that the result was not only possible but reasonably foreseeable as probable would be to convince him that, in the circumstances, it was highly likely.

Smith v. Littlewoods Organisation Ltd., [1987] AC 241, 261; [1987] All E.R. 710 (H.L.)

8. The mere foreseeability of damage is certainly not a sufficient basis to found liability.

Smith v. Littlewoods Organisation Ltd., [1987] AC 241, 251; [1987] All E.R. 710 (H.L.)

9. The enquiry by the courts as to foreseeability is a factual enquiry, which is undertaken either to determine whether a duty of care exists, or whether a duty of care has been breached. The authorities warn of the danger of concluding that a circumstance is reasonably foreseeable when such a finding is essentially based upon the benefit of hindsight and is not based upon the state of knowledge at the time when the duty should have been performed.

Bolton v. Stone, [1951] AC 850, 1 All E.R. 1078 (H.L.).
Rosenberg v. Percival, (2001) 205 CLR 434, (2001) 178 A.L.R. 577 (H.C.A.).

10. The owner/occupier's liability to one injured on his property is ordinarily based upon the owner's control and knowledge of the property's physical state or condition. This knowledge is absent when one considers the possibility of criminal behavior on the property by a stranger. The unpredictability of criminal behaviour is one of the reasons why, as a general rule, and in the absence of some special relationship, the law does not impose a duty to prevent harm to another from the criminal conduct of a third party, even if the risk of such harm is foreseeable.

Modbury Triangle Shopping Centre Pty Ltd v. Tony Paul Anzil & Anor, [2000] HCA 61

11. In considering whether the attack on the plaintiff was reasonably foreseeable to the defendants, you may consider whether the defendants knew or should have known of other similar crimes on the property or in the area, or that the property was in a dangerous or high crime area, or that activity at the property invited criminal elements. If you find that there is evidence of such knowledge by the defendants and that the defendants were in control of the property failed to take adequate precautions, then you may find that the defendants are liable to the plaintiff. If you find that there is no evidence to show any such knowledge on the defendants' part, then you must find for the defendants because the attack was not reasonably foreseeable.

Smith v. Littlewoods Organisation Ltd., [1987] AC 241; [1987] All E.R. 710 (H.L.).

Allison v. Rank City Wall Canada Ltd., [1984] 6 D.L.R. (4th) 144, 146-148.

12. Another criteria in determining duty of care is proximity. Proximity focuses on the broader relationship between the parties. In a much cited passage of his judgment in *Sutherland Shire Council v. Heyman*, (1985) 60 A.L.R. 1 at 55-6, Deane J. described the requirement as follows:

> "It involves the notion of nearness of closeness and embraces physical proximity (in the send of space and time) between the person or property of the claimant and the person or property of the defendant, circumstantial proximity such as an overriding relationship . . . of professional man and client and what might (perhaps loosely) be referred to as causal proximity in the sense of closeness or directness of the causal connection or relationship between the particular course of conduct and the loss or injury sustained."

Clerk & Lindsell on Torts, 19th Edition at 8-16 (2006)

13. During the trial you head the testimony of witnesses who answered questions put to them as persons having specialized skill or knowledge.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses". Witnesses who by education and experience have become expert in an area, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be expert and may also state the reasons for the opinion.

As with all other witnesses, you may give the testimony of any expert witness such weight as you believe it deserves. You are entitled to consider the expert's appearance, the manner in which the witness testifies, the character of the witness's testimony and the evidence, if any, in conflict with the witness's conclusions. You may also consider the witness's education, training and experience in the area of professed expertise.

As with all witnesses, you should give the testimony of each expert witness such weight, if any, as you may think it deserves.

Boston Old Colony Insurance Company v. Intermatic, Inc., (U.S.D.C. Mass. #03-40208) Magistrate Judge Timothy S. Hillman's Charge to the Jury

14. Plaintiff Kimberly Genereux claims that Defendant Columbia Sussex Corporation is the alter ego of Galleon Beach Resort, Ltd. This amounts to a claim that those parties should be treated as being one and the same entity or person under the law so that the separate corporate existence of Galleon Beach Resort, Ltd. should be disregarded and Defendant Columbia Sussex Corporation should be held personally liable for its obligations.

With respect to that issue, you are instructed that a corporation, generally, is a separate legal entity authorized under the law to do business in its own right and on its own credit as distinguished from the credit and assets of other persons or corporations. Also, the mere fact that one or two individuals own and control the stock structure of a corporation, or that two corporations have common officers of directors, or both, does not mean that the corporation may be regarded as the alter ego of its stockholders.

However, the existence of a corporate entity may be disregarded where it is proved that the corporation was created as a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.

15. In deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and more specifically whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case.

In our case, the plaintiff alleges that the hotel's security was negligently maintained, and that she was attacked because of the negligent security. If you find that defendant Starwood/Westin exercised considerable control over the hotel's day-to-day security operations, then you may find against these defendants which exercised the considerable control, but only if you also find that the security was not adequate and that the plaintiff was attacked and injured because of the inadequate security. Otherwise, you must find for the defendants.

Wendy Hong Wu, et al v. Dunkin Donuts, Inc., 105 F. Supp. 2d 83, 87

16. Merely retaining a right to enforce standards or to terminate an agreement for failure to meet standards is not sufficient control to find against a franchisor such as defendant Starwood/Westin. Instead, there must be actual control over the security measures employed by the hotel.