UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

KIMBERLY GENEREUX,

                        Plaintiff,

v.

COLUMBIA SUSSEX CORPORATION     C.A. NO. 05-CV-10879-JLT
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., WESTIN HOTEL
MANAGEMENT L.P.

                        Defendants.

---

### PRETRIAL MEMORANDUM
### SUBMITTED BY DEFENDANTS

Defendants Columbia Sussex Corporation ("Columbia Sussex"), Starwood Hotels and Resorts Worldwide, Inc. ("Starwood") and Westin Hotel Management, L.P. ("Westin") respectfully submit this Pretrial Memorandum in compliance with the Pretrial Order dated March 20, 2008 and in support of the trial scheduled for April 14, 2008.

### Summary of the Evidence

Plaintiff, Kimberly Genereux, was not a hotel guest of The Westin Casuarina. Unbeknown to anyone at the Cayman Island hotel property, plaintiff sought to escape the pursuit of a stranger. Plaintiff's sworn deposition testimony has established that she was walking on public streets during the evening hours and was approached by a strange man in a van twice and propositioned for a ride each time. She feared the van approaching a third time and elected to leave the public road and pass through the private resort property of The Westin Casuarina to evade the strange man. Ms. Genereux entered The Westin Casuarina premises, but chose not to inform anyone of her presence or of her fear that she was being followed. Instead of entering the lobby, calling the police, or asking for help, she chose to use a restroom located in one of the

Error! Unknown document property name.

Resort's outer buildings. Ms. Genereux then claims that someone entered the restroom shortly after her and raped her. The police investigated her Complaint but the criminal was never identified.

Defendant Columbia Sussex is prepared to offer into evidence facts that will support its theory of the case. Namely, it will offer into evidence testimony that will establish that it was not in a position to incur either direct or vicarious liability of any alleged negligence by Plaintiff Kimberly Genereux. A representative of Columbia Sussex will testify that Columbia Sussex did not know of any alleged dangerous condition at The Westin Casuarina Resort and Spa ("The Westin Casuarina") with regard to the security and/or design of the resort's restroom in which Plaintiff was allegedly assaulted. Columbia Sussex did not design this restroom, nor was it the responsibility of Columbia Sussex to design this restroom.

The testimony of Columbia Sussex will also establish that Columbia Sussex did not control, nor could it control, the day-to-day operational security of The Westin Casuarina. Day-to-day operational security remained the sole responsibility of the owner of the resort, Galleon Beach Resort, Ltd. ("Galleon Beach"). Columbia Sussex did not maintain any ownership interest in The Westin Casuarina, and did not have the right to hire or fire any of its employees.

Similarly, Defendants Starwood and Westin are prepared to offer into evidence facts that will establish that they were not in a position to incur either direct or vicarious liability of any alleged negligence. Representatives of Starwood and Westin will testify to the fact that neither company owned, operated, or managed The Westin Casuarina. Defendants Starwood and Westin did not, and could not, control the day-to-day operational security of The Westin Casuarina. Again, day-to-day operational security remained the sole responsibility of the owner of the resort, Galleon Beach.

Finally, testimony will establish that The Westin Casuarina is a franchise operation owned and operated by Galleon Beach, and not by any Defendants. Starwood, as franchisor, maintained no right to control the daily operations of The Westin Casuarina. For example, it could not fire or hire Galleon Beach employs. Acting solely as franchisor, Starwood cannot therefore be held liable for any alleged negligence of Galleon Beach.

## Uncontested Facts

Defendants filed its Statement of Material Facts pursuant to LR 56.1 and in support of their Motion for Summary Judgment on March 11, 2008. The following Uncontested Material Facts are those facts not in dispute, as Plaintiff admitted them in her Opposition to Defendants' Statement of Undisputed Facts on March 26, 2008:

1. Plaintiff Kimberly Genereux is a resident of Middlesex County, Commonwealth of Massachusetts.

2. Columbia Sussex Corporation ("Columbia Sussex") is incorporated in the Commonwealth of Kentucky with its principle place of business in Crestview Hills, Kentucky.

3. Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") is incorporated in the State of Maryland with its principal place of business in White Plains, New York.

4. Westin Hotel Management L.P. ("Westin") is a limited partnership organized under the laws of the State of Delaware with its principal place of business in White Plains, New York.

5. Plaintiff was on vacation in the Cayman Islands in May 2002 and staying at the Plantana Condominiums located on Seven Mile Beach.

6. Plaintiff left her condominium at about 5:45 p.m., on Friday, May 3, 2002 to begin a walk along the beach, visit with friends and shop.

7. Sometime later at "dusk" plaintiff continued her walk intending to go shopping at Foster's supermarket.

8. Plaintiff walked around some stores including a pharmacy and ultimately purchased some food groceries at Foster's Supermarket.

9. Plaintiff left the supermarket carrying two plastic bags and her purse.

10. After shopping, plaintiff began walking back towards her condominium on West Bay Road, a well-lit main road.

11. As she continued down West Bay Road, a man in a van stopped alongside of her and yelled "do you want a ride?" Plaintiff responded, "no, I'm fine."

12. The same van approached plaintiff for a second time. As it slowly passed her location, the driver of the van hung his head outside his window to again ask plaintiff if she wanted a ride, to which plaintiff again declined.

13. Shortly thereafter, plaintiff spotted what she thought to be the exact same van approaching her for a third time from the opposite lane of traffic. This made plaintiff nervous, as she continued her walk. It was about 10:45 p.m.

14. In addition to the three encounters with a man in a van, plaintiff also noticed that a man on a balcony from across the street was watching her as she walked.

15. Because plaintiff felt unsafe and became increasingly nervous, she intended to walk along the beach to reach her condominium complex, rather than continuing along the road. At that time plaintiff entered the property of The Westin Casuarina Resort and Spa.

16. The Westin Casuarina is owned and operated by Galleon Beach Resort, Ltd. ("Galleon Beach").

17. [Plaintiff denies. See "Contested Issues of Fact"].

18.   [Plaintiff denies. See "Contested Issues of Fact"].

19.   Plaintiff left the restroom and walked to the main building of The Westin Casuarina to report the crime.

20.   Personnel of The Westin Casuarina responded to the plaintiff's request for aid and notified the Royal Cayman Islands Police ("RCIP").

21.   The RCIP responded to the call for assistance and took the plaintiff from the scene.

22.   The RCIP also investigated plaintiff's criminal Complaint but her assailant was never identified.

23.   Plaintiff's friend, whom she visited only hours previously, lives in the condominiums adjacent to The Westin Casuarina.

24.   Plaintiff did not call upon her friend when she became nervous while walking on West Bay Road. She did not stop to see her friend to seek refuge with him, even though she walked directly past his condominium.

## COLUMBIA SUSSEX

25.   Columbia Sussex does not own, operate, or manage The Westin Casuarina in Grand Cayman, Cayman Islands, B.W.I.

26.   The Westin Casuarina is owned by and operated by Galleon Beach, a Cayman Corporation.

27.   [Plaintiff denies. See "Contested Issues of Fact"].

28.   Columbia Sussex does not own any stock or membership interest in Galleon Beach.

29.   [Plaintiff denies. See "Contested Issues of Fact"].

30. [Plaintiff denies. See "Contested Issues of Fact"].

31. [Plaintiff denies. See "Contested Issues of Fact"].

32. [Plaintiff denies. See "Contested Issues of Fact"].

33. [Plaintiff denies. See "Contested Issues of Fact"].

## STARWOOD AND WESTIN

34. Westin License Company issued various contracts over the years to franchisees establishing Westin franchises in various parts of the world. In 1998, Starwood purchased Westin Hotel Company, which included Westin License Company. For Westin franchisees that continued to operate under Westin License Company Agreements after this purchase, Starwood effectively carried out Westin License Company's part of The Agreement. In 2006, Westin License Company's assets (including franchise agreements) were purchased and assumed by Westin Hotel Management, L.P. (hereinafter "Westin"), a limited partnership, of which Starwood is the General Partner.

35. Neither Starwood nor Westin Hotel Management, L.P. own, operate, or manage The Westin Casuarina in Grand Cayman, British West Indies.

36. The Westin Casuarina is a franchise operation owned and operated by Galleon Beach.

37. [Plaintiff denies. See "Contested Issues of Fact"].

38. [Plaintiff denies. See "Contested Issues of Fact"].

39. There is no one at Starwood responsible for designing security policies for Westin Brand as a whole, nor is there any outside company to review security items for Westin Brand.

## GALLEON BEACH

40.   Galleon Beach, owner and operator of The Westin Casuarina, is not a party to this civil action.

41.   [Plaintiff denies.  See "Contested Issues of Fact"].

42.   [Plaintiff denies.  See "Contested Issues of Fact"].

43.   [Plaintiff denies.  See "Contested Issues of Fact"].

44.   [Plaintiff denies.  See "Contested Issues of Fact"].

45.   [Plaintiff denies.  See "Contested Issues of Fact"].

46.   [Plaintiff denies.  See "Contested Issues of Fact"].

47.   [Plaintiff denies.  See "Contested Issues of Fact"].

### Contested Issues of Fact

The following facts were denied by Plaintiff pursuant to her response on March 26, 2008 to Defendants' Statement of Material Facts.  The following numbers correspond to those paragraph numbers of Defendants' Statement of Material Facts.

17-18.   Plaintiff contests that she entered the restroom at The Westin Casuarina because she was being "followed" or "pursued."

27.   Plaintiff contests Defendants' statement that Galleon Beach is not a direct or an indirect subsidiary of Columbia Sussex.

29-33.   Plaintiff contests the fact that Defendant Columbia Sussex maintained no control over the security and onsite operations performed at The Westin Casuarina, and Plaintiff contests the fact that Columbia Sussex did not find Plaintiff's incident to be reasonably foreseeable.

37-38.   Plaintiff contests the fact that Defendants Starwood and Westin maintained no control over the security and onsite operations performed at The Westin Casuarina.

41-47.   Plaintiff contests the fact that The Westin Casuarina was responsible for onsite security operations independent from the control of any other entity, and that The Westin Casuarina developed and performed ample security procedures pursuant to this responsibility.

### Jurisdictional Questions

There are no pending jurisdictional questions.

### Pending Motions

There are no motions pending other than the motions in limine which have been filed by the parties. Defendants' motions in limine are listed later in this Memorandum.

### Issues of Law

The parties are in agreement that the law of the Cayman Islands applies to the issues of negligence, and they have submitted supporting cases and authority on that law.

### Requested Amendments to the Pleadings

The parties do not request that the pleadings be amended.

### Additional Matters to Aid in Disposition

Please see Plaintiff's Pretrial Memorandum regarding these additional matters.

### Length of the Trial

Please see Plaintiff's Pretrial Memorandum regarding the estimated length of trial.

### Proposed Witnesses

Defendants intend to cross examine Plaintiff Kimberly Genereux when Plaintiff's counsel calls Ms. Genereux in her case in chief. Defendants suggest 90 minutes as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Dr. Robert D. McCrie, Plaintiff's expert witness, when Plaintiff's counsel calls Dr. McCrie in her case in chief in the event this Court does not exclude Dr. McCrie as an expert witness pursuant to the Motion in Limine by Defendants' challenging the reliability and relevance of Dr. McCrie's purported expert testimony which does not satisfy a Daubert test.. Defendants suggest 2 hours as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Eleanor K. Egan. Defedants suggest 1 hour as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Martha Praught, M.D. Defendants suggest 1 hour as an appropriate amount of time for this cross examination.

Defendants intend to cross examine David S. Chapin, M.D. Defendants suggest 1 hour as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Norman C. Hursh. Defendants suggest 30-45 minutes as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Allan M. Feldman. Defendants suggest 30-45 minutes as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Timothy Maxwell. Defendants suggest 30 minutes as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Paula Stuart. Defendants suggest 30 minutes as an appropriate amount of time for this cross examination.

Defendants intend to cross examine Rose Fiore. Defendants suggest 30-45 minutes as an appropriate amount of time for this cross examination.

Defendants intend to cross examine David Soleau. Defendants suggest 30-45 minutes as an appropriate amount of time for this cross examination.

Defendants intend to call Mr. Ted Mitchell to testify on behalf Columbia Sussex. Mr. Mitchell serves as the Vice President and Chief Financial Officer of Defendant Columbia Sussex. Defendants suggest 2 hours as an appropriate amount of time for his direct examination.

Defendants intend to call Mr. John McGovern to testify on behalf Starwood and Westin. Mr. McGovern serves as the Vice President of Aloft & Element Operations for Starwood. Defendants suggest 2 hours as an appropriate amount of time for his direct examination.

Defendants intend to call Mr. Niels Olsen, the former Director of Security at The Westin Casuarina, the hotel property in the Cayman Islands owned and operated by non-party Galleon Beach Resort Ltd.. Defendants suggest 90 minutes as an appropriate amount of time for his direct examination.

Defendants intend to call Mr. Denzil Luke, a former employee of Galleon Beach and the Night Auditor working the front desk at The Westin Casuarina on the day of Plaintiff's alleged assault. Defendants suggest 1 hour as an appropriate amount of time for his direct examination.

Defendants identify Mr. Daniel Szydlowski, the General Manager of The Westin Casuarina as a potential witness. Defendants suggest 1 hour as an appropriate amount of time for his direct examination.

Defendants intend to call record keepers as necessary to authenticate records. Defendants suggest 5-10 minutes each for these examinations.

**Proposed Exhibits**

Defendants intend to introduce the following evidentiary exhibits:

A. Service Agreement between Columbia Sussex and Galleon Beach dated January 1, 1996 and amended on January 1, 1999.

B. The Columbia Sussex Manager's Manual, prepared under direction by Mr. Mitchell and delivered to Galleon Beach for assistance in performing accounting services.

C. The Columbia Sussex Safety and Loss Prevention Manual, approved by Mr. Mitchell and recommended for use by Galleon Beach at The Westin Casuarina.

D. Letter dated September 27, 2005 from the Royal Cayman Islands Police outlining their police file on Plaintiff's alleged sexual assault.

E. Written statement of Denzil Luke dated May 3, 2005.

F. The System License Agreement by and between Westin License Company and Galleon Beach, representing the franchise agreement between Westin and Galleon Beach.

G. Westin Brand Standards dated 2002 issued by Defendant Westin to the owner and operator of The Westin Casuarina, Galleon Beach.

H. Westin Quality Assurance Program dated 2000 issued by Defendant Westin to the owner and operator of The Westin Casuarina, Galleon Beach.

I. Westin Quality Assurance Program dated 2001 issued by Defendant Westin to the owner and operator of The Westin Casuarina, Galleon Beach.

J. Pictures of property at The Westin Casuarina, depicting certain signage inside and outside the buildings on the premises.

K. List of Galleon Beach employees who were designated as "Night Security" or "Hotel Security" on dates prior to May 3, 2002.

L. Medical records of Nina Palmer, M.D.

M. Medical records of Beth Israel Deaconess Hospital

N. Medical records of Eleanor K. Egan, LHMC

O. Medical records of Karen T. Isselbacher, M.D.

P. Medical records of Arbour Hospital

Q. Medical records of McLean Hospital

R. Medical records of The Trauma Center

## Motions in Limine

1) Motion to preclude Robert McCrie as an expert due to his lack of qualifications and use of irrelevant, unreliable, and speculative evidence in direct conflict with a <u>Daubert</u> test of reliability.

2) Motion to preclude use of deposition testimony or pleadings and documents, or mention of, the <u>Reynolds v. Columbia Sussex</u> case. The use of testimony, pleadings and documents of the <u>Reynolds</u> case represents inadmissible hearsay, is unduly prejudicial to Defendants, will confuse the jury, and will violate a Protective Order of the United States District Court for the Eastern District of Kentucky entered on or around September 9, 1997.

3) Motion to preclude use of depositions and documents from the case of <u>Keppner v. Galleon Beach</u> because such use represents inadmissible hearsay, is unduly prejudicial to Defendants, and will confuse the jury.

4) Motion to preclude the use of the Lasher Rush Associates 2002 Audit as it postdates the incident and is therefore irrelevant.

5) Motion to preclude the use of or mention of any evidence or actions occurring at The Westin Casuarina after Plaintiff's sexual assault.

6) Motion to bifurcate the trial, so that issues of liability and damages may be tried separately.

7) Motion to preclude the testimony of Dr. David Chapin.

Dated: April 8, 2008

Yours respectfully,

CORRIGAN JOHNSON & TUTOR
141 Tremont Street
Boston, MA 02111

By: /s/ John J. Johnson
John Johnson

-and-

Robert J. Brown (RB7619)
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, New York 10019
(212) 261-8000

Attorneys for Defendants
Columbia Sussex Corporation
Starwood Hotels & Resorts Worldwide, Inc.
Westin Hotel Management L.P.