```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

                              Civil Action No. 05-CV-10879-JLT
```

| | |
|---|---|
| KIMBERLY GENEREUX,          ) | |
|     Plaintiff                ) | |
|                                ) | **PLAINTIFF'S OPPOSITION TO** |
|         v.                        ) | **DEFENDANT'S MOTION *IN LIMINE*** |
|                                ) | **TO PRECLUDE THE USE OF** |
| COLUMBIA SUSSEX CORPORATION, ) | ***KEPPNER v. GALLEON BEACH*** |
| STARWOOD HOTELS & RESORTS    ) | ***RESORT, Ltd., et. als.*** |
| WORLDWIDE, INC., and         ) | |
| WESTIN HOTEL MANAGEMENT, L.P., ) | |
|     Defendants               ) | |

Kimberly Genereux, the plaintiff, opposes the defendants' motion *in limine* to exclude use of evidence and testimony from the case of *Keppner v. Galleon Beach Resort, Ltd., et. als.*, Index No. 011724/2003 (N.Y. Sup. Ct., Erie County), for the following reasons:

    1.   During his deposition in the instant case, defendant Columbia Sussex Corporation's Fed. R. Civ. P. 30(b)(6) designee, Theodore Mitchel, identified *Keppner* as a personal injury tort action arising from damages sustained by that plaintiff at the Westin Casuarina, in which Mr. Mitchel was deposed.

    2.   Mr. Mitchel denied possession of copies of his deposition testimony from *Keppner*. Mitchel dep., p. 13-14. No documents from *Keppner* ever were produced by the defendants.

    3.   The plaintiff subpoenaed copies of the *Keppner* deposition transcripts for trial. They arrived during the pendency of the defendants' summary judgment motion in electronic format and were used to oppose the defendants' motion.

4. Mr. Mitchel's testimony from *Keppner* is not hearsay but constitutes the prior statement of a witness, Fed. R. Evid. 801(d)(1), and where it contradicts Mitchel's testimony at bar is the admission of a party-opponent in a representative capacity. Fed. R. Evid. 801(d)(2)(A).

5. Mr. Mitchel's deposition testimony, and any other relevant documents from *Keppner*, may be used at bar where relevant as admissions of defendant Columbia Sussex Corporation and/or to impeach witnesses. *See e.g.,* Fed. R. Evid. 801(d)(1) and (2), 607, 613.

WHEREFORE, the plaintiff respectfully requests that this Court deny the defendants' motion *in limine*.

                            The Plaintiff,
                            By her Attorney,

                            _____
                            MARK F. ITZKOWITZ (BBO #248130)
                            85 Devonshire Street
                            Suite 1000
                            Boston, MA  02109-3504
                            (617) 227-1848
                            April 8, 2008

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY   10019-6829. |

                                                  s/ Mark F. Itzkowitz
                                                  MARK F. ITZKOWITZ (BBO #248130)

Dated:  April 8, 2008