```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

                         Civil Action No. 05-CV-10879-JLT
```

KIMBERLY GENEREUX,            )
    Plaintiff                 )
                              )   **PLAINTIFF'S OPPOSITION TO**
        v.                    )   **DEFENDANT'S MOTION TO PRECLUDE**
                              )   **"POST-INCIDENT" EVIDENCE**
COLUMBIA SUSSEX CORPORATION,  )
STARWOOD HOTELS & RESORTS     )
WORLDWIDE, INC., and          )
WESTIN HOTEL MANAGEMENT, L.P.,)
    Defendants                )

Kimberly Genereux, the plaintiff, opposes the defendants' motion *in limine* to preclude "post-incident" evidence for the following reasons:

1. The defendants apparently use the term "post-incident" to refer to Ms. Genereux immediate report of her rape to Westin Casuarina employees as soon as she left the restroom, and to those employees' treatment of her.

2. The contested evidence is part of the incident constituting Ms. Genereux' damages.

3. The response of the Westin Casuarina employees to Ms. Genereux' report that she had just been raped evidenced that the Westin Casuarina lacked any security guards/officers, security directors, and/or security services on the night Ms. Genereux was raped; a fact recently contested by the defendants.

4. The response of the Westin Casuarina employees to Ms. Genereux' report that she had just been raped evidenced the lack of seriousness with which the Westin Casuarina treated incidents

of sexual assault, treatment consistent with that following the rape of two minor female guests in the *Reynolds* incident.

5. The response of the Westin Casuarina employees to Ms. Genereux' report that she had just been raped exacerbated Ms. Genereux' damages by minimizing and disregarding her trauma.

6. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 401.

7. "All relevant evidence is admissible". Fed. R. Evid. 402.

8. Evidence that Westin Casuarina employees told Ms. Genereux that they could not call security because there was no security, that they were prohibited from calling the police but had to call a hotel manager instead, and that they ignored and minimized Ms. Genereux' condition while she waited for assistance is relevant to the issue of breach of the duty of care and to the plaintiff's damages.

WHEREFORE, the plaintiff respectfully requests that this Court deny the defendants' motion *in limine*.

>The Plaintiff,
>By her Attorney,
>
>
>_____
>MARK F. ITZKOWITZ (BBO #248130)
>85 Devonshire Street
>Suite 1000
>Boston, MA  02109-3504
>(617) 227-1848
>April 8, 2008

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY  10019-6829. |

> s/ Mark F. Itzkowitz
>MARK F. ITZKOWITZ (BBO #248130)

Dated:  April 8, 2008