```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

                             Civil Action No. 05-CV-10879-JLT

KIMBERLY GENEREUX,              )
     Plaintiff                  )
                                )   PLAINTIFF'S OPPOSITION TO
          v.                    )   DEFENDANTS' MOTION TO
                                )   BIFURCATE TRIAL
COLUMBIA SUSSEX CORPORATION,    )
STARWOOD HOTELS & RESORTS       )
WORLDWIDE, INC., and            )
WESTIN HOTEL MANAGEMENT, L.P.,  )
     Defendants                 )
```

Kimberly Genereux, the plaintiff, opposes the Defendants' Motion to Bifurcate Trial for the following reasons:

1.   Bifurcation will prejudice the plaintiff, in violation of the purpose of Fed. R. Civ. P. 42(b).  The plaintiff is a severely traumatized rape victim who has suffered in-patient hospitalization and continuous out-patient psychotherapy ever since the rape in May, 2002.  She was rendered incapable of performing her twenty year career as an architect and was terminated by her employer of fifteen years.  She remains incapable of gainful employment and has been receiving disability as a result of the rape.  Bifurcation will force the plaintiff to testify twice:  once on liability and once damages, forcing her to relive the trauma twice as much as in a non-bifurcated trial.

2.   Bifurcation will prejudice the plaintiff and inconvenience the Court by disrupting the trial sequence and schedule.  The Court scheduled this case for trial on April 14, 2008 at the January 30, 2008 Pre-Trial Conference and has

repeatedly emphasized that the trial date will not be changed. The plaintiff so informed her experts and they are planning to testify during that week in accordance with the Court's schedule. Bifurcation will disrupt the schedule by interrupting the proceedings for jury deliberations, which may force the trial into the following week or longer, and may render some of the plaintiff's experts unavailable to testify.

3. Bifurcation will not avoid prejudice to the defendants and, therefore, will not foster the purpose of Fed. R. Civ. P. 42(b). The defendants have not contested the extent of Ms. Genereux' damages in any meaningful fashion. The prejudice to the defendants of presenting the damages evidence to the jury is the same as that in any civil action brought on behalf of a severely injured plaintiff. The Court undoubtedly will instruct the jury that they are not to be swayed by sympathy but are to decide the case based on the evidence and on the law as charged.

4. The defendants' motion is based on a false assumption. Liability is not "very tenuous". There is overwhelming documentary evidence of the defendants' control of security at the Westin Casuarina and of the foreseeability of the need for adequate security precautions. The evidence is undisputed that the defendants lacked corporate security departments and adequately trained security personnel. The Court has denied the defendants' motion for summary judgment confirming that material

issues of fact are disputed and require trial.

    5.   Two trials will decrease judicial economy and increase inconvenience to the parties, witnesses and the Court; will increase the length of the proceedings; will dramatically increase prejudice to the plaintiff without decreasing prejudice to any of the defendants; and will delay resolution of this action.  The defendants' motion fails to satisfy the criteria of Fed. R. Civ. P. 42(b).

    WHEREFORE, the plaintiff respectfully requests that this Court deny the defendants' motion *in limine*.

                                        The Plaintiff,
                                        By her Attorney,


                                        _____
                                        MARK F. ITZKOWITZ (BBO #248130)
                                        85 Devonshire Street
                                        Suite 1000
                                        Boston, MA  02109-3504
                                        (617) 227-1848
                                        April 9, 2008

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| John B. Johnson, Esquire | Robert J. Brown, Esquire |
| Corrigan, Johnson & Tutor, P.A. | Mendes & Mount, LLP |
| 141 Tremont Street | 750 7th Avenue |
| Boston, MA 02111; and | New York, NY   10019-6829. |

                                         s/ Mark F. Itzkowitz
                                         MARK F. ITZKOWITZ (BBO #248130)

Dated:  April 9, 2008